Nash, J.
 

 The first branch of the objection is as to the proof of the deposition. There is no direct provision in the Act or in the Statute of Philip and Mary, authorising any use of the evidence when taken, or pointing out the mode, how it is to be authenticated. Under the Statute it has been the constant practice in the English Courts, to permit the deposition t,o be read in evidence, after the death of the witness; and such has been the uniform practice in this State, and, indeed, both acts evidently look to such a use of it. For they require that the deposition taken according to their provision, “ shall be returned to the office of the Court, wherein the matter is tp be tried.” To what purpose but to perpetuate them, and why perpetuate, but tp provide for the
 
 contingency
 
 of the death of the witness, or to serve as a - check upon him, if palled ipto Court as a witness thereafter. The depositions taken under the act, are legal evidence, to be used either in chief, by either party, should the witness die, or upon the cross-examination of the witness in Court,
 
 Wesibeers’ case,
 
 1st Leach 12,
 
 Smith’s case
 
 Russ. & Ry. 339. In order however to its being used as evidence, it is usual, accordjng to the English practice, to prove it, either by the magistrate or his clerk, if living. It is to be remarked, this is but a matter of practice, and not a ■ Statutory provision, adopted by the Courts as being the best mode of its authentication. Our magistrates have ■ no other clerks, bpt the individual whose pen they may |ise, in writing down tire deposition. And It is a mattep
 
 *227
 
 of public law, that at the time the prisoner had his trial, Judge Pearson was necessarily in another part of the State in discharge of his judicial duties. It could not then be proved in either of those modes, as his Honor wrote it himself. The probate, then, in this State must be a matter of sound discretion in the presiding Judge, keeping in view the general principles of evidence, alike necessary to the safety of the accused and the due administration of the law. In order to remove the objection raised, and to identify the deposition, the Clerk of the Superior Court of Rowan “ where the matter was to be tried,” was examined, who stated “ he was present when his Honor Judge Pearson examined the witness. Cotton ; that he wrote down the evidence as he examined him, and that the deposition and certificate were all in the proper hand-writing of Judge Pearson, who afterwards delivered them to him, to file in his office.” We think, this evidence amply sufficient to prove, and to identify the deposition.
 

 But a further objection is raised to-wit, that at the time Cotton was examined, ho had been rendered incompetent as a witness, by his previous conviction for murder, the deposition having been taken between the conviction and the judgment. This is the only important question raised in the case. Infamy of character does not render any one incompetent, as a witness, nor does the commission of any crime, however atrocious, tho’ acknowledged, 8
 
 East.
 
 97,8. His guilt, to work that effect, must be legally ascertained by a conviction and that followed by a judgr ment. The objection is a strictly legal one, and must be supported by strictly legal proof. This can only be done by the record, and that must show, both a conviction and judgment; otherwise it is incomplete, not a
 
 full
 
 record pf the case. The judgment may have been arrested, and the conviction thereby rendered a nullity, as if it never had an existence,
 
 8th East.
 
 77, 8
 
 Cowp.
 
 8
 
 Corny.
 
 Dig.
 
 Title Testimony, A.
 
 5. It is not the conviction then, but
 
 the
 
 judgment, which creates the disability. 2 Russ.
 
 on
 
 
 *228
 

 C.
 
 507.
 
 Hawk. P. C. ch.
 
 36,
 
 sec.
 
 94, 95.
 
 1st.
 
 Phil.
 
 on evi.
 
 31.
 

 Wc arc of opinion that there is no error in the opinion of the Judge who tried the causo. The deposition of the witness Cotton, was properly taken, and legally proved and identified, and at the time it was taken, the witness was competent to give evidence.
 

 This opinion
 
 must
 
 be certified
 
 to
 
 the Superior Court of Cuilford, that the Court may proceed to judgment and .award execution according to law»
 

 Per Curiam. • Ordered accordingly.