# Evans *versus* Reed.

1. An action of account was brought by Evans against Reed; both testified in it; a verdict was rendered for Evans and a new trial awarded on the ground that the action should have been assumpsit. Evans died, his administratrix was substituted and the form of action changed to assumpsit. *Held*, that the notes of the testimony of Evans, in connection with that of Reed, taken on the first trial, were evidence on the second trial.

2. The action not being by an executor, administrator or guardian, did not fall within the proviso of the Act of April 15th 1869.

3. The intent of the 3d sect. of the Act of April 15th 1869, authorizing testimony of parties to be taken by "deposition," &c., was to permit the deposition of a party to be taken for the perpetuation of his testimony against all contingencies which might arise, whether of absence or death.

4. The deposition of a party taken so as to be admissible in a pending case, is admissible in a subsequent suit between the administrators of the parties involving the same subject-matter.

March 4th 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lancaster county* : Of May Term 1875, No. 44.

This action was originally account render, brought to November Term 1869 of the court below, by Jacob Evans against George K. Reed and Julius Levy, " late partner with the plaintiffs." On the 17th of October 1871, the court allowed the plaintiff to strike out the name of Levy as one of the defendants.

The case was tried before Hayes, J., against Reed alone, August 28th 1872.

[Evans *v* Reed.]

On this trial Evans, the plaintiff, and Reed, the defendant, were both examined as witnesses.

A verdict was rendered for the plaintiff; the court being of the opinion that the action should have been in assumpsit, set aside the verdict and directed a new trial.

Afterwards the plaintiff died, and his administratrix, Caroline Evans, was substituted as plaintiff, and the form of action changed to assumpsit.

On the trial September 3d 1874, the plaintiff offered to read the notes of testimony taken by Judge Hayes on the former trial of this case ; this was objected to by the defendant, because the action was originally account render against Levy and Reed ; Levy's name was stricken off on motion of plaintiff ; a verdict on the issue between Evans and Reed ; a new trial, plaintiff's death suggested, his administratrix substituted, and the form of action changed.

The offer was rejected and a bill of exceptions sealed for the plaintiff.

No other evidence was offered by the plaintiff, and the court directed that a verdict should be rendered for the defendant; a verdict was so rendered.

The plaintiff took a writ of error and assigned for error the rejection of the evidence offered by her.

*E. Champneys,* for plaintiff in error.—When a witness examined at a former trial between the same parties on the same subject-matter is dead, the notes of testimony taken on that trial may be given in evidence on a subsequent trial: Phila. & R. Railroad Co. *v.* Spearen, 11 Wright 300 ; Cornell *v.* Green, 10 S. & R. 14 ; Rhine *v.* Robinson, 3 Casey 35 ; Magill *v.* Kauffman, 4 S. & R. 319 ; Clark *v* Sanderson, 3 Binn. 192 ; Hamilton *v.* Marsden, 6 Id. 47 ; Hamsher *v.* Kline, 7 P. F. Smith 403 ; Moore *v.* Pearson, 6 W. & S. 51 ; Livingston *v.* Cox, 8 Id. 61.

*D. G. Baker* and *O. J. Dickey,* for defendant in error, cited Allum *v.* Carroll, 17 P. F. Smith 70.

Mr. Justice MERCUR delivered the opinion of the court, November 8th 1875.

This action was not brought by or against an executor, administrator or guardian. It does not, therefore, fall within the proviso to the first section of the Act of 15th April 1869. It differs from any case which has preceded it. It was an action between parties in their own right.

On the first trial of the case, involving the same subject-matter, but where the action was in a different form, parties had testified and their testimony had been reduced to writing. The verdict then rendered had been set aside and the form of action

[Evans *v.* Reed.]

subsequently changed by leave of the court.    After that verdict the plaintiff died and his administratrix was substituted.    The sole question now is whether the testimony of the plaintiff, thus taken during his life, is admissible in evidence on a subsequent trial of the case after his death.

When the testimony was taken the plaintiff was a competent witness in the case.    It was taken with full opportunity for cross-examination.    Did his subsequent death make his testimony thus taken incompetent?    The third section of the Act of 15th April 1869, permitting parties to testify, expressly declares the testimony of witnesses authorized by the act may be had " by deposition or commission issued."    The manifest intent, then, was to permit the deposition of a party to be taken for the perpetuation of his testimony against all contingencies that might arise, whether of absence or of death.    The Act of 28th March 1814, Purd. Dig. 625, pl. 24, declares: "Any deposition taken, or to be taken in any cause, which by the rules of law may be read in evidence on the trial of the cause in which it is or may be taken, shall be allowed to be read in evidence in any subsequent cause wherein the same matter shall be in dispute between the said parties or persons, their heirs, executors, administrators or assigns."

If the deposition of a party be duly and regularly taken so as to be admissible in evidence in a pending case, it is very clear that it would be admissible in a subsequent suit between the administrators of the parties involving the same subject-matter.    If admissible in a subsequent suit, it must certainly be in the case in which it was taken.    It is true, the case now under consideration is not technically a deposition, yet for most purposes it stands on the same footing.    The notes of testimony of a deceased or absent witness, duly proved, have often been held to be admissible in evidence : Moore *v.* Pearson, 6 W. & S. 51 ; Jones *v.* Wood, 4 Harris 25 ; Phila. & Reading Railroad Co. *v.* Spearen, 11 Wright 300.

The tendency of both judicial and legislative action is against the exclusion of evidence on the ground of interest.    When the plaintiff in this case testified he was unquestionably competent. His testimony then became a part of the evidence in the case.    If the second trial had taken place in his lifetime, he being at the time out of the jurisdiction of the court or unable by reason of sickness to be present, his testimony could have been read in evidence.    So, for a like reason, it may be after his death.    The evidence was not taken in an action in which, at the time any executor, administrator or guardian was a party.

We see no reason why a subsequent change in the form of action should so operate as to exclude the testimony.    It is not the form of action, but identity of subject-matter in controversy that is important.    We think the learned judge erred in rejecting the evidence.

Judgment reversed and a *venire facias de novo* awarded.