## Evans's Administratrix *versus* Reed.

Where one of the parties to the original action is dead, in a subsequent action, brought by his administratrix for the same subject-matter, the surviving party cannot testify to matters which occurred during the lifetime of the original plaintiff, although the testimony of the latter taken in the original suit has been admitted in evidence.

May 10th 1877.  Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Lancaster county :* Of May Term 1877, No. 164.

This action as originally brought was account render by Jacob Evans against George K. Reed.  Julius Levy was also named as a defendant, but his name was subsequently stricken from the record on plaintiff's motion.

Jacob Evans, the plaintiff, was examined on the trial as a witness in his own behalf.  A verdict was rendered for plaintiff.  The case, as developed on the trial, satisfied the judge before whom it was tried that the action should have been " assumpsit," and not, as originally brought, " account render."  He therefore set aside the verdict and directed a new trial.

Subsequently to this Jacob Evans, the plaintiff, died, and Caroline Evans, his administratrix, was substituted, and the form of action changed to assumpsit.

When the cause was again called for trial, counsel on behalf of plaintiff, offered to read from the notes of testimony taken by the judge on the first trial, the testimony of Jacob Evans, then plaintiff, but since deceased.

These same notes contained the evidence of Reed, who was also examined on the trial.

The offer was rejected by the court, and no other evidence being given the court directed a verdict to be found for the defendant.

The plaintiff took a writ of error, alleging that the court erred in refusing to admit these notes of the testimony of Evans, and the court sustained this contention and reversed the lower court.  [See report of case in 28 P. F. Smith 415.]

When the cause came on for trial again, after the testimony of plaintiff, including the judge's notes of the evidence of Evans, was closed, the defence offered Reed, the defendant, as a witness in his own behalf.  The plaintiff objected on the ground that as the action then stood the suit was by an administratrix, and the plaintiff having died the defendant could not testify as to anything which took place in the lifetime of Jacob Evans.

The court overruled this objection and admitted the testimony.

In discharging a rule for a new trial, the court, Livingston, P. J., in an opinion reviewed the following cases, decided since the preceding trial of this case : Evans *v.* Reed, 28 P. F. Smith 415 ;

Speyerer & Co. *v.* Bennett's Ex'rs, 29 Id. 445 ; Pratt *v.* Patterson, 31 Id. 114 ; and Sheetz *v.* Norris, 2 Weekly Notes 637, and then continued : " So far as we have been able to gather the facts from the several cases, as reported, none of them appear to meet or rule the case before us, for the question now presented was neither raised nor passed upon in any of them, to wit: Where a plaintiff on the record in a cause has been fully examined and cross-examined, in open court, as to all the matters in controversy in the suit, and subsequently dies, and his administratrix is substituted— a re-trial ordered, and on the re-trial the testimony of the plaintiff, taken on the first trial, is admitted in evidence and read as a deposition to the jury, can the living defendant be admitted as a witness and permitted to testify in the cause in answer to such testimony or deposition ?

" This is the question here raised, and here again Evans *v.* Reed, in the language of Judge MERCUR, ' differs from any cause which has preceded it.'

" When this suit was instituted both parties were competent witnesses—both rendered clearly so by the same act, the Act of April 15th 1869, Pamph. L. 30. One of the parties, on a former trial of the cause, was examined and testified very fully as to all matters in controversy in the suit, and thus, as the Supreme Court have decided, perpetuated his testimony, so that it could be used (as a deposition may by the rules of law be read on the trial of a cause) at any subsequent time, and in any trial of the cause, whether he was absent, sick or dead.

" He has, therefore, testified to all he knew relating to all matters concerning this trial as fully as he could do if present. ' He being dead yet speaketh.' His mouth has not been sealed even by death. His representative has the full benefit of his testimony. Why, then, he having been so permitted to testify on the trial, should the lips of the defendant, who was so unfortunate as to be alive and present at the trial, be closed, and he not permitted to speak in answer to the testimony of the original party to the cause against him. Justice and equity certainly do not require it. It is not to be presumed that the plaintiff, whose testimony was admitted on the trial, was less interested when he testified as to the contracts, conversations and transactions between him and George K. Reed, the defendant, out of which his cause of action originated, than the defendant was when we permitted him to testify. Therefore the policy of the law on the ground of interest does not require it—*actus legis nemini facit injuriam.* As we have seen ' the tendency of both judicial and legislative action is against the exclusion of evidence on the ground of interest ;' and the Act of 15th April 1869, is an enlarging and enabling act. The law, therefore, at the commencement of this action, placed the parties litigant on a perfect equality, and the intendment of the law is that they should be kept on an equality,

so far as their respective rights are concerned, until its close. It does not intend that by any construction given it one should gain an undue advantage over the other.

"The deposition of the deceased party was read under the law permitting the testimony of absent, sick or deceased witnesses, when properly presented by depositions, to be read in evidence on the trial of a cause. This witness, it is true, was dead; but suppose he had only been sick or absent, and his deposition presented and admitted in evidence, what objection could have been successfully urged to prevent Reed, the defendant, from testifying? But this witness is dead. What to him (so far as the purposes of this trial are concerned) was death but absence—absence caused by the act of God? And shall the manner of his taking off, or the reason of his absence, work to the great injustice and injury of the defendant by preventing him from testifying in answer to the deposition of the absent witness? It is said that *actus dei nemini facit injuriam.* Shall this act of God, in removing and causing the absence of plaintiff after he has testified, be said to work so great an injustice and injury to the other party as to deprive him of the right to testify? We think not.

"In addition to this what does this third section of Act of 1869 mean when it says that 'the testimony of witnesses, authorized by this act, may be had by deposition or commission issued, as the case may require, with such notice to the party to be examined, and to the adverse party, as is now or may hereafter be prescribed by the rules of the proper court touching the taking of depositions and testimony on commission?' Does it not mean that the testimony thus taken and presented by deposition, offered and admitted in evidence in the cause, shall have the same force and effect as if the witness were present in court and testifying on the witness stand? Is not that the intention and effect of the act? Where, then, is there to be found a reason, where the deposition of one party has been taken and used on the trial, whether he be absent by sickness, death or otherwise, for refusing the other party permission to testify in answer to such deposition, so taken and used."

The admission of the evidence of Reed, the defendant, was the error assigned by plaintiff who took this writ.

*E. Champneys* and *M. Brosius,* for plaintiff in error.—The surviving party is not a competent witness in a trial of the cause after the death of one of the parties, as to any matters occurring in the lifetime of the deceased party: Pratt *v.* Patterson, 3 Weekly Notes 161; Speyerer *v.* Bennett's Ex'rs, 29 P. F. Smith 445; Eilbert *v.* Finkbeiner, 18 Id. 243; Lahey *v.* Heenan, 3 Weekly Notes 181. This case is not distinguishable in principle from those above cited.

[Evans's Administratrix *v.* Reed.]

To hold that the admission of the testimony of the deceased party, taken when he was competent, and perpetuated in the judge's notes, removes the disqualification of the survivor, is to say that incompetency can be made competency by an accident, and that the operation of the proviso of the Act of 1869 depends upon the contingency of the preservation of the testimony of a party taken at a former trial. It was this consideration, doubtless, which led this court to declare, in Karns *v.* Tanner, 16 P. F. Smith 305, that "when death closes the lips of one party, even-handed justice requires the mouths of both to be sealed."

*George M. Kline* and *Daniel G. Baker,* for defendant in error, adopted for their argument the opinion of the court below.

Mr. Justice MERCUR delivered the opinion of the court, June 26th 1877.

This record presents a single question. That is, whether the defendant was competent to testify to matters which transpired during the life of the original plaintiff. That he was incompetent is clearly ruled by Pratt *v.* Patterson, 31 P. F. Smith 114. That case is very similar to the present one. There, in a former suit, in the lifetime of both parties, each party had testified, and the testimony had been reduced to writing. The verdict was set aside and the suit discontinued. A second suit between the same parties was brought for the same subject-matter. Before the trial the defendant died, and his executors were substituted. On the trial at Nisi Prius, before our late brother WILLIAMS, the plaintiff was offered as a witness to testify in regard to matters which occurred in the lifetime of the defendant. The witness was rejected. On the case being certified to this court for review, we affirmed that ruling.

The statute provides a method by which the evidence of a party competent to testify may be perpetuated. Each party stands on an equal footing. The deposition of each party may be taken, subject to cross-examination by the opposite party. If the case be tried in the life of both parties, the testimony taken on the trial may afterwards be treated as a deposition.

If a party neglects or omits to take, at a proper time, the steps necessary to secure and perpetuate his testimony, he must suffer the loss resulting to him therefrom. It by no means follows that because the testimony of the deceased party, duly taken in his lifetime, was given in evidence on the trial, therefore the surviving party is made competent to go on the stand to testify in his own behalf. When the testimony of the party since deceased, was taken, he was a competent witness. He was subject to cross-examination by the opposite party. The lips of the survivor were not then closed. He could then have offered himself as a witness to explain

3 NORRIS—17

[Evans's Administratrix *v.* Reed.]

or contradict the testimony of the opposite party. If he did so he thereby perpetuated his own testimony, and it is now available. If he then failed to perpetuate it, there is no equality in now permitting him, after the death of his adversary, to go on the stand to testify to anything which transpired during the life of the opposite party. The lips now closed in death cannot prompt any cross-examination, nor explain or contradict the testimony thus given.

As a matter of fact, in this case, the testimony of the survivor was actually taken in the lifetime of the opposite party. Yet he withholds that testimony and claims the right to now testify generally. The learned judge erred in admitting the testimony.

Judgment reversed, and a *venire facias de novo* awarded.