George A. Wells, Administrator of Helene Roberts, de-ceased, now to use of John Welles Hollenback and L. D. Shoemaker, v. The New England Mutual Life Insurance Company of Boston, Massachusetts, Appel-lant.

*Evidence—Competency of witness—Effect of act making witness incompe-tent.*

If a person, competent at the time to testify, is examined as a witness in a cause, and subsequently and before the trial, becomes incompetent, his testimony taken when he was competent is admissible.

Where the deposition of a physician is taken prior to the passage of the Act of June 18, 1895, P. L. 195, which renders physicians incompetent to testify as to certain matters, and the physician dies after the passage of the act, the deposition is admissible in evidence at the trial, although the physician himself, if he had lived, would have been disqualified as a wit-ness.

Argued April 11, 1898. Appeal, No. 294, Jan. T., 1897, by defendant, from judgment of C. P. Luzerne Co., May T., 1893,

No. 99, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a policy of life insurance. Before GUNSTER, J.

At the trial defendant offered in evidence the deposition of Dr. J. B. Crawford taken on July 31, 1893, filed in compliance with the rules of court, and regular in every respect; for the purpose of showing that the insured died from the result of a criminal abortion, and that she had had abortions performed on her prior to that time.

Plaintiff objected because it appeared from the deposition that Dr. Crawford was the attending physician of the insured in her last sickness, and that his knowledge of her condition was gained from statements made by her to him, and therefore it is incompetent testimony under the act of 1895.

By the Court: I have been able only to give this question a very brief examination, but from my reading of the authorities, especially that in 17 Sergeant & Rawle, I am of opinion that you cannot prove by the deposition of Dr. Crawford what you could not prove if he were living and here upon the stand him-self. This act of 1895 seems to go to the evidence and not to the source of it. The objections to the depositions are sustained, exception noted for the defendant, bill sealed. [1]

Defendant offered portions of the deposition of Dr. Crawford above referred to, which were not necessary to enable the physician to act, as follows :

"She said, ' Oh, no, I am not going to die; I have had as many as six abortions, or had an abortion produced as many as six times, and I have always gotten well and I will now.' "

Plaintiff objected because the testimony is incompetent under the act of 1895, and because it is immaterial and irrelevant.

By the Court: I do not see my way clear to admitting this portion of the testimony. The objections are sustained, exception noted for the defendant, bill sealed. [2]

Defendant offered to prove by Dr. Louise Stoeckel, the wit-ness on the stand, that she treated the insured in her last ill-ness, and that she delivered the fœtus in this case, and what the age of the fœtus was.

Plaintiff objected on the ground that it appeared that she was the medical advisor or physician and that the information she obtained was in her capacity as a medical advisor.

By the Court: The objections are sustained, exception noted for the defendant, bill sealed. [3]

Defendant offered to prove by the witness on the stand the physical condition and general condition of this woman, the fact that she was sound and healthy and well formed and normal in every condition and in every way, for the purpose of showing that there was no reason to have this operation performed.

Plaintiff objected because any information she got while she was her attending physician and necessary to treat her, cannot be divulged without the consent of the deceased.

By the Court: You had better introduce evidence first that it was performed. Objection sustained, exception noted for the defendant, bill sealed.

Defendant offered proofs of death to show that the abortion was performed, and proofs of death were admitted. (Witness still on stand.) Defendant renewed his former offer.

Plaintiff objected because the witness had already testified that all the information she had as to Miss Roberts, or her condition, was obtained by her in her capacity as a physician, and was necessary to enable her to treat her.

By the Court: The objections are sustained, exception noted for the defendant, bill sealed. [4]

Verdict and judgment for plaintiff for $3,795. Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions.

*W. S. McLean* and *J. B. Woodward*, for appellant.— This Court has held in numerous cases that the deposition of a witness taken in a former action, where the witness has since become incompetent, may be read in evidence on the part of the same parties or their legal representatives: Galbraith v. Zimmerman, 100 Pa. 374; Endlich on the Interpretation of Statutes (ed. 1888), sec. 282; Bedford v. Shilling, 4 S. & R. 401; Edington v. Ins. Co., 77 N. Y. 571; Hatch v. Mut. Life Ins. Co., 120 Mass. 550; Ogle v. Turnpike Co., 13 S. & R. 257; Satterlee v. Matthewson, 16 S. & R. 184; Bleakney v. The Bank, 17 S. & R. 66; Lamberston et al. v. Hogan, 2 Pa. 25; Fenelon's Petition, 7 Pa. 173; Lefever v. Witmer, 10 Pa. 505

The Hickory Tree Road, 43 Pa. 142; Underwood v. Lilly, 10 S. & R. 101; Bechtol v. Cobaugh, 10 S. & R. 123; Eakin et al. v. Raub, 12 S. & R. 362.

*H. W. Palmer*, for appellee.—It is not true that testimony competent when taken is always, under all circumstances, competent thereafter: Irwin v. Reed, 4 Yeates, 512; Chess v. Chess, 17 S. & R. 412.

When offered the testimony was open to any objection that could have been made had the witness been present: Wright v. Tatham, 1 Ad. & El. 21; Crary v. Sprague, 12 Wend. 41: Hay's App., 91 Pa. 265; Pratt v. Patterson, 81 Pa. 114.

OPINION BY MR. JUSTICE GREEN, July 21, 1898:

The Act of June 18, 1895, P. L. 195, is in the following words, viz: "That no person authorized to practice physics or surgery shall be allowed, in any civil case, to disclose any information which is acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without his consent." It will be seen at once that the act establishes a personal incapacity only. It is the physician, attending a patient, who is prohibited from testifying to information acquired while rendering professional service. He is prohibited by the words, "no person authorized" etc., shall be allowed to disclose any information, etc. No other person who being present at the time when the information was communicated, and heard the same, would be prevented by this act from testifying to the very matter in question. It is only the physician himself who is prohibited, and that is manifestly on account of the professional relation between himself and his patient.

In the present case the witness was examined and his deposition taken at a time anterior to the passage of the act of 1895, and at that time he was perfectly competent to testify to the matter in question. Subsequently, and before the trial in court, the witness, Dr. Crawford, died, and in 1895, also before the trial, the act above quoted was passed. On the trial the deposition of Dr. Crawford was offered in evidence and was objected to and rejected, because of the incompetency at that time of the

witness if he had been living. In this ruling we think there was error. The rule is quite familiar, and has been many times enforced, that if a person is examined as a witness in a cause, and is at the time competent to testify, but subsequently, and before the trial, he becomes incompetent, his testimony taken when he was competent is admissible. Thus in Evans v. Reed,. 78 Pa. 415, both parties testified, a verdict was rendered, and afterwards a new trial was awarded. One of the parties died: before the case was tried the second time, his administrator was substituted, and on the second trial the testimony of the de- ceased party taken on the first trial was offered in evidence and rejected. We held this to be error, and reversed the judgment. for that reason. We said: " When the plaintiff in this case: testified he was unquestionably competent. His testimony then became a part of the evidence in the case. If the second trial had taken place in his lifetime, he being at the time out of the jurisdiction of the court, or unable by reason of sickness to be present, his testimony could have been read in evidence. So, for a like reason, it may be after his death. The evidence was. not taken in an action in which, at the time, any executor,. administrator or guardian was a party. We see no reason why a subsequent change in the form of action should so operate as. to exclude the testimony. It is not the form of action, but. identity of subject-matter in controversy, that is important." In this case the decision was not based upon any provision of the act of March 28, 1814, in relation to giving depositions in evidence, but upon the doctrine that the testimony, being com- petent when taken, was admissible when the witness had become incompetent by death. The same ruling was made in Pratt v.. Patterson, 81 Pa. 114, where the first action in which both par-- ties testified was discontinued and a subsequent action was. brought in another court by the same plaintiff against the same defendant, for the same cause of action. Before the trial of the second action the defendant died and, on the trial, the plain- tiff was offered as a witness in his own behalf and rejected, and the notes of his testimony on the former trial were offered and also rejected. This Court held that the plaintiff was incompe- tent as a witness under the act of 1869, but that his deposition, taken when he was competent, was admissible, and should have been received. The reasoning was the same as in the case of:

Evans v. Reed, supra. This case affords an answer to the objection stated by the court below in the present case. The witness was alive, and was present in court, and was offered to testify, but was rejected properly because he was not competent to testify on account of the death of his adversary in the action. Nevertheless, the notes of his testimony taken at a time when he was competent were admitted in evidence, for the very reason that he was competent at that time. On the trial of the present case the learned trial judge rejected the deposition of Dr. Crawford, stating as his reason : " I am of opinion that you cannot prove by the deposition of Dr. Crawford what you could not prove if he were living and here upon the stand himself." Yet that was the very reason why this Court held in the last cited case, when the witness was living, and was present, and was offered as a witness, that he was incompetent to testify; but his former testimony taken when he was competent was admissible. When Evans v. Reed went back and was tried again, 84 Pa. 254, the notes of the dead plaintiff's testimony were read in evidence, and then the defendant offered himself as a witness and was allowed to testify as a living witness. We reversed the judgment, holding that he was incompetent under the act of 1869, while he might have offered the notes of his own testimony on the first trial, which he withheld, thus again affirming the ruling in Pratt v. Patterson, last cited.

This same question again recurred in Hay's Appeal, 91 Pa. 265, presenting in its own circumstances the same principle, which was again sustained. The plaintiff in an equity proceeding was examined as a witness in his own behalf, and an opportunity to cross-examine was afforded to the defendant, but was not availed of. Later the plaintiff died, and then a motion was made to strike out the testimony of the plaintiff that had been taken, but the motion was denied on the ground that the testimony was competent when it was taken, and we sustained the ruling. The present chief justice delivering the opinion said : " When the plaintiff testified, he was undoubtedly a competent witness, and nothing that occurred thereafter would have justified the court or master in excluding his testimony. Under the circumstances we think it was rightly retained and considered with other testimony in the cause." What occurred thereafter in that cause was, the incompetency of the witness

which resulted from his death, and what occurred in the present
case, after Dr. Crawford's deposition was taken, was his in-
competence resulting from two causes, his death and a subse-
quent disqualifying statute.   But "nothing that occurred
thereafter" under our last cited ruling would destroy its com-
petency when taken.

All of the foregoing cases were reaffirmed and again applied
in Galbraith v. Zimmerman, 100 Pa. 374.   The disqualification
in that case was the interest of the witness.  He was not a
party, but he was interested in the result of the case.   This
however did not disqualify him, because when he was first
examined both the parties were alive.   But, afterwards, one of
them, Zimmerman, died pending an action of ejectment between
the plaintiff, Galbraith, and Zimmerman.   On the trial of this
action, after the death of Zimmerman, the witness, O'Connell,
was offered to testify but was rejected because, on his voir dire,
he admitted he was interested.   The plaintiff then offered in
evidence a deposition of O'Connell taken in a previous equity
suit between the same parties in relation to the same land, being
a bill for specific performance.   This deposition was rejected
for some unexplained reason, while the deposition of Galbraith,
the plaintiff in the same case, was admitted.   We held that
the rejection of O'Connell's deposition was error.   We said :
"We are very clear that there was error in 'the rejection of
O'Connell's deposition.   At the time it was taken he was a
competent witness, notwithstanding his interest, and under the
well-settled rule in such cases, the testimony then taken could
be given in evidence at the subsequent trial.   The former con-
troversy was practically between the same parties and in rela-
tion to the same subject-matter.   In that proceeding O'Connell's
testimony was taken.   The objection to his competency on ac-
count of his interest in the suit could not have prevailed if it
had been then made.   At the time of the trial of the present
action, Zimmerman being dead, and the witness interested
against him, the objection on the ground of interest necessarily
prevailed, and he was properly excluded.   But when his testi-
mony, taken when he was competent, in a proceeding relative
to the same subject-matter, and practically between the same
parties was offered, there was no legitimate reason for its ex-
clusion."   Here, again, was the case of a living witness, present

in court and offered to testify, but because of his interest and the death of one of the parties against whom he was offered, he was incompetent to testify. Nevertheless we held that his testimony taken when he was competent was admissible in evidence.

We see no further occasion for discussion. The cause of the subsequently accruing incompetency is not material. It may arise from absence, from sickness, from interest, from death or from a newly created statutory incompetency, but the principle controlling them all is that if at the time the deposition or testimony was taken, the witness was competent, it may be given in evidence after the incompetency has arisen. Such is the sense of all the modern decisions, and we think the conclusion is reasonable and just. It is almost needless to add that the Act of May 23, 1887, P. L. 158, sec. 9, is in the same line with the cases cited, and indicates a settled policy applicable to this class of cases. The assignments of error are all sustained.

Judgment reversed and a new venire awarded.