T. F. GREENLEE v. JULIA E. MOSNAT, Executrix of the Estate of J. J. Mosnat, Deceased, Appellant.

**Transactions with decedents:** EVIDENCE. Code, Section 4604, relates
1   to the competency of testimony at the time it is offered; so that the transcript of the evidence of a party relating to a personal transaction with the adverse party, since deceased, is incompetent in a subsequent trial.

**Same.** A transcript of the evidence of a party relating to personal
2   transactions with the adverse party, since deceased, is not a deposition within the meaning of Code, Section 4605, and cannot be used as such in a subsequent trial of the action. Sherwin and Deemer, J.J., dissenting.

*Appeal from Benton District Court.*— HON. OBED CAS-
WELL, Judge.

MONDAY, MAY 20, 1907.

REHEARING DENIED, MONDAY, DECEMBER 16, 1907.

ACTION to recover money received by J. J. Mosnat,
deceased, as attorney for plaintiff, on certain fire insur-
ance policies placed in his hands by plaintiff for collection.
For defendant a settlement was pleaded in which, as al-
leged, the full amount of the money received by Mosnat be-
yond his reasonable fees as attorney for plaintiff had been
paid over or accounted for. The action was first com-
menced during the lifetime of Mosnat, and there was a
judgment for plaintiff on a verdict in his favor which was
reversed on appeal. See 116 Iowa, 535. On a second
trial there was again a verdict for plaintiff, which was re-
versed on appeal. See 126 Iowa, 330. Pending the
second appeal the death of the defendant was suggested,
and his executrix was substituted. The present appeal is
by defendant from a judgment on a verdict in plaintiff's
favor rendered on the third trial of the case.— *Reversed.*

*Tom H. Milner, Nichols & Nichols,* and *Randall &
Harding,* for appellant.

*C. W. E. Snyder, Whipple & Brown,* and *Montgomery
& Chambers,* for appellee.

McCLAIN, J.— For the purpose of determining the
question of law now submitted to us, it is sufficient to say that
the issues of fact were as to whether there was an oral con-
tract between plaintiff and deceased by which deceased was
to receive ten per cent. of the money collected for plaintiff on
the insurance policies, and was therefore bound to account
to plaintiff for all the money received by him as plaintiff's

attorney in excess of the agreed consideration, the claim of defendant being that no agreement as to the amount of the fee had been made; and whether a certain payment by check of deceased to plaintiff was in full satisfaction of all claims with reference to the money received by deceased for plaintiff, it being claimed by plaintiff that the check was expressly accepted only as payment on account. On the former trial both plaintiff and the deceased, who was then alive, testified as to whether there was an oral agreement for a ten per cent. fee, and as to whether there was any statement by plaintiff at the time the check was received that it was only accepted in part payment. Testimony of the defendant was offered with reference to services rendered by him to plaintiff as attorney before the insurance policies were placed in his hands for collection, but this testimony was excluded, and the judgment for plaintiff was reversed for this reason. On the trial from the judgment in which his appeal is taken, plaintiff was called as a witness, and testified with reference to the fire insurance policies and the institution of suit thereon by deceased as his attorney, but his offered testimony as to a conversation with deceased with reference to employment in the insurance cases was objected to because of the incompetency of plaintiff as a witness to testify to personal transactions or communications with deceased in view of the provisions of Code, section 4604, which prohibits a party to any action being " examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, insane or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or guardian of such insane person or lunatic." This objection being sustained, the transcript of the shorthand notes of the evidence of plaintiff given on the former trial while Mosnat was living and the defendant in the case was offered, and

over defendant's objection was received, as tending to show the terms of the employment of deceased by plaintiff, and as bearing on the question whether the check then given by deceased to plaintiff was accepted in full satisfaction and by way of settlement. In the same manner the transcript of the testimony of plaintiff with reference to a conversation with deceased in the presence of a witness whose testimony on the former trial was read in defendant's behalf was received in rebuttal.

The admissibility of the testimony of plaintiff thus introduced by means of the transcript of the shorthand notes of the evidence on the former trial is the sole question presented for consideration. If the ruling of the court admitting the testimony of plaintiff introduced by means of the transcript was correct, the judgment is to be affirmed. If it was erroneous, a reversal must necessarily follow, for without this testimony plaintiff had no proof of the contract relied upon by him that the fees of deceased should be limited to ten per cent. of the recovery on the insurance policies. The admissibility in evidence of the transcript of plaintiff's testimony on the former trial is contended for under the provisions of chapter 9, Acts 27th General Assembly (Code Supp. 1902, section 245–a), the material portion of which is as follows: " The original shorthand notes of the evidence, or any part thereof, heretofore or hereafter taken upon the trial of any cause or proceeding, in any court of record in this State, by the shorthand reporter of such court, or any transcript thereof, duly certified by such reporter, when material and competent, shall be admissible in evidence on any retrial of the case or proceeding in which the same were taken, and for purposes of impeachment in any case, and shall have the same force and effect as a deposition, subject to the same objections so far as applicable." For convenience we will separately discuss two views presented by appellee with reference to the admissibility of plaintiff's evidence given

on the former trial: First, would such evidence be competent as against the prohibition of Code, section 4604; and, second, is it rendered competent by an accompanying statutory provision to which reference will be made in the second division of this opinion?

I.   It is evident that the objection under Code, section 4604, is as to the witness as witness, and not to the testimony as evidence.   *McDonald v. Young,* 109 Iowa,

1. TRANSACTIONS
WITH DE-
CEDENTS:
evidence.

704; *Burdick v. Raymond,* 107 Iowa, 228. The provision is that " no party . . . shall be examined as a witness in regard to any personal transaction," etc.   The incompetency of a witness may be based on various grounds.   He may be incompetent because of insanity, and the objection on that ground would be available in any case, or at common law he might be incompetent on account of interest in the particular case; and the objection on either ground might exist at one trial, and not at a subsequent trial, or *vice versa.*   It is evident, therefore, that the question of incompetency of a witness depends for its solution on the particular ground as to which it is urged.   If the witness has died after the first trial or has become incompetent to testify by reason of insanity or interest under the common-law rule, his testimony on the first trial may be proven. No doubt the same reasoning applies with reference to the common-law rule that conviction for felony disqualifies as a witness, with the result that testimony given before conviction for a felony may be subsequently used when the witness has become incompetent by reason of such conviction.   Likewise, inability to produce the witness on account of illness or infirmity or because he is beyond the reach of process will be a reason for admitting his testimony on a former trial.   *Central R. & B. Co. v. Murray,* 97 Ga. 326 (22 S. E. 972); *Jack v. Woods,* 29 Pa. 375; *State v. New Orleans Waterworks Co.,* 107 La. 1 (31 South. 395); *Evans v. Reed,* 78 Pa. 415; *Wells v. Insurance Co.,*

187 Pa. 166 (40 Atl. 802); *State v. Valentine,* 29 N. C. 225; 2 Wigmore, Evidence, sections 1401–1410; 2 Jones, Evidence, sections 339–345.

But all of these illustrations relate to incapacity in general to give any testimony whatever at the time of the second trial. The objection we are now considering, however, relates to incapacity to testify as to a particular subject-matter; that is, the objection is not to the capacity of the witness, but to any testimony by him relating to the subject inquired about. The statutory prohibition seems to be as to the admissibility of the witness' testimony at the time of the trial when it is offered, if at the commencement of such trial the other party to the transaction or communication against whose executor or administrator the testimony is to be used is dead; and we think it is immaterial, under the statute, whether the evidence of such witness is offered by way of oral testimony at the trial, or by way of proof of the evidence given by him on a former trial. With reference to such transaction or communication, he has become incompetent to speak, and he can neither speak at that time nor can he then speak through his testimony given at another time. Counsel on either side have referred to several cases in this state as throwing light on the particular question now before us, but we do not find that the point has been considered, and we must now reach a solution of the language and reason of the statute.

Some light is thrown upon the question, however, by what has been decided with reference to the introduction after the decease of one party of depositions previously given by the adverse party with relation to a personal transaction or communication between them. If the witness is in court, his deposition in a law case cannot be introduced. *Lanza v. Le Grand Quarry Co.,* 124 Iowa, 659. But in analogy to the rule in regard to testimony given on a former trial it has been held that a deposition taken before the incompetency of the witness accrues may be used

after he has become incompetent by reason of insanity, interest, or otherwise, although he is physically present. *Tift v. Jones,* 74 Ga. 469; 2 Wigmore, Evidence, sections 1401–1411; 13 Cyc. 995. Now, this court has held prior to the enactment of Code, section 4605, referred to in the second division of this opinion, and under a provision corresponding to Code, section 4604, that the deposition of one party taken before the death of the adverse party, and relating to a personal transaction or communication between them, could not be introduced after the objection by reason of the death of the adverse party had arisen, and the court says that the objection is as to the right to testify and that by a deposition the witness testifies when such deposition is offered in evidence. *Quick v. Brooks,* 29 Iowa, 484. There are cases to the contrary. See *Armitage v. Snowden,* 41 Md. 119; *Neis v. Farquharson,* 9 Wash. 508 (37 Pac. 697). But so much depends on the language of the statute to be construed that we cannot give these cases controlling weight. Our statute says that no party shall be examined as a witness in regard to such transaction, and in the last sentence of the section the question whether the testimony of the living witness shall be received is made to depend on whether the testimony of the deceased party is given in evidence, from which we infer that the whole section has relation to the receipt of the testimony at the trial in whatever form it may be taken or preserved.

Much is said by counsel for appellee in favor of the general proposition that, as plaintiff was competent to testify when his former testimony was given and has only been rendered incompetent by subsequent events, his former testimony ought to be accepted. But the policy of the statute seems not to be in harmony with this view. It is not on account of anything which has happened to the witness that he is unable to testify on this trial. It is because an obstacle has arisen to the enforcement of his claim as based on his own testimony by reason of the death of the other

party, and that obstacle, as the statute provides, renders his testimony incompetent, unless in some way such obstacle is removed. If in this conclusion there is any apparent injustice, it is one incident to the application of the Code provision. It is not of infrequent occurrence that the prohibitions of that section prevent the establishment of meritorious claims against the estate of a deceased person. With the general policy of the statute we have nothing to do. The Legislature has seen fit to fix a rule of evidence for our guidance which in some cases works injustice, but which it must be presumed on the whole tends to the promotion of justice. The rule may be a hard one in individual cases, but it is not for us to abrogate it on that account. We think that this case furnishes an illustration of the ultimate expediency of the rule which the Legislature has prescribed. As already indicated, the deceased was denied the right on the former trial, erroneously as was held on the former appeal, to testify with reference to defensive matter against this very claim. If plaintiff is allowed to establish it by his own testimony given on a former trial, the case must now be decided without the advantage which the defendant should have had from such excluded testimony. The best we can do in any event is to apply the rule of the statute in the cases in which it is found to be applicable.

II. Counsel for appellee refer, however to the provision of the Code by which in anticipation of the possible death of an adverse party one who expects to rely on his own testimony or the testimony of another interested witness with reference to a personal transaction or communication with such adverse party may cause his own deposition or the deposition of such other witness to be taken while the adverse party is still alive, and use such deposition, although at the time of the trial his adversary is deceased. This provision, which has never been construed, so far as we can discover, was first

2. SAME.

introduced in the Code of 1873, although prior to that Code the prohibition as to the testimony of an interested witness with regard to a transaction or communication with a person deceased already existed in a somewhat different form. It is as follows: "Sec. 4605. Any person may have his own deposition, or that of any other person, read in evidence in all cases where his evidence would be incompetent by the provisions of the preceding section, by causing it to be taken, either before or after action is brought, during the lifetime or sanity of the person against whose executor, heir or other representative the same is to be used, if such deposition shall have been taken and filed ten days prior to the death or insanity of such person. If after action is brought, such deposition may be taken in the usual manner; if before, then the same may be taken *de bene esse,* as provided by law." Under this provision, evidently intended to enable a party to provide against the contingency of his evidence being rendered incompetent by the death of the opposite party, plaintiff might have had his deposition taken after the commencement of this action and before the death of the original defendant, without other reason for the taking of such deposition existing, and used it on this trial, although he had become incompetent to testify in regard to his personal transactions and communications with the deceased. The contention now is that by provision of Acts 27th General Assembly, chapter 9, section 1 (Code Supp. 1902, section 245–a), already referred to, the transcript of plaintiff's testimony on a former trial is equivalent to a deposition, and therefore such transcript stands in the place of and is admissible as the deposition which plaintiff might have had taken at the time when his evidence was given, under the provisions of Code, section 4605, above quoted.

The first provision as to introducing the transcript of the evidence on a former trial was made in Acts 18th General Assembly, chapter 195 (1880, see McClain's Code, sec-

tion 5029), but it was omitted from the Code of 1897, and re-enacted in its present form in 1898. There is no indication in the language of the provisions of the eighteenth and twenty-seventh General Assemblies that the transcript of the evidence on a former trial was to be deemed equivalent to the deposition provided for in Code, section 4605. The provision found in that section is exceptional, and has specific reference to Code, section 4604, and, if it had been intended that any other evidence than that taken by deposition as. provided in section 4605 should be received, notwithstanding such prohibition, such intention would have been expressed. The transcript of the evidence on a former trial is receivable " as a deposition," but it is not a deposition. It is in many respects different. In the taking of a deposition there is notice beforehand of the subject-matter to be inquired about. Had a deposition been taken, the defendant then living might have had his own testimony perpetuated in the same manner; but a transaction or communication with another person then living might be but incidentally introduced in the evidence of a witness testifying on a trial, and the opposite party might not deem it material for the purpose of that trial to controvert it, or might not be allowed to controvert it. Moreover, a deposition is formally signed and sworn to and certified under oath by the notary or other officer making it, while the testimony on the trial is not submitted to the revision of the witness, nor signed by him, and the verification is by general certificate of the reporter in pursuance of his oath of office. Very serious difficulties might arise if we should declare as a general proposition that the testimony given on a trial taken down in shorthand and certified by the reporter is, in fact, a deposition by force of the statute. If it is not in fact a deposition, then the transcript of such testimony does not comply with the requirements of Code, section 4605, as to the perpetuation of testimony to meet the objection which may subsequently arise under sec-

tion 4604, if the opposite party should subsequently die.

It may be further suggested that the evident purpose of authorizing the use of a transcript of evidence on a subsequent trial is to provide a convenient means of proving the testimony of a witness given on a former trial of the same case, when the witness is not able to testify by reason of death, insanity, or other intervening cause rendering him incapable of doing so. *In re Wiltsey's Estate,* 122 Iowa, 423; *Walker v. Walker,* 117 Iowa, 609. The transcript is admissible only when the testimony is "material and competent." *Lanza v. Le Grande Quarry Co.,* 124 Iowa, 659. True it is that the testimony of plaintiff was competent testimony, so far as its relation to the issues was concerned, but it was incompetent as the testimony of plaintiff with reference to a subject-matter as to which he was forbidden to testify after the death of the adverse party, and for that reason it was incompetent testimony; that is, testimony of an incompetent witness.

We reach the conclusion that the transcript of plaintiff's testimony in the former trial was erroneously admitted, and the judgment is *reversed.*

SHERWIN, J., dissenting.— I cannot agree to the rule announced in the second division of the opinion.

DEEMER, J., dissenting.— On authority of *Lanza v. Quarry Co.,* 124 Iowa, 659, I concur in the dissent of SHERWIN, J. The question is not the competency of the testimony, but of the witness. Under section 4605 the testimony was competent by statute and the witness was made competent by statute. Regard must be had of the change in the statute brought into the law by chapter 9, Acts 27th General Assembly.