F. H. Bresler Company, Respondent, vs. Bauer,
Executor, Appellant.

*May 10—September 12, 1933.*

388

For the appellant there were briefs by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *Francis E. McGovern.*

For the respondent there were briefs by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and oral argument by *Mr. Prosser.*

The following opinion was filed June 6, 1933:

ROSENBERRY, C. J. Under the evidence, it is considered that the trial court correctly held that the goods were placed

in the Cawker Animal Home by the direction and with the consent of Lenore Cawker, that the same were accepted by her, or they were placed there under an agreement that they were not to be paid for until approved by her, the understanding being that until so approved the plaintiff at its option might remove them. The jury found against the defendant upon his contention that the goods were conditionally delivered and there is ample evidence in the record to support the jury's findings. It is urged that the question submitted was not in proper form. It submitted the issue raised by the pleadings. The answer alleges that all articles were delivered upon condition, etc. No condition could have been implied. It could only have been the result of an express agreement between the parties. The issue was properly submitted.

The principal claim made here is that, the parties having entered into no written contract for the sale and purchase of the goods, there was no delivery of the goods sufficient to validate the contract; the contract, if there was one, being for the sale of goods of the value of more than $50. The question is raised as to whether the statute of frauds, found in the Uniform Sales Act, sec. 121.04, governs, or whether the question is governed by the general statute, sec. 241.03, which was in force when the transaction took place but which was repealed by ch. 470, sec. 8, Laws of 1931.

It is not necessary for us to determine in this case to what extent if at all the adoption of the Uniform Sales Act repealed or modified sec. 241.03. There can be no question but that as to what constitutes acceptance, sec. 121.04 governs. Sub. (3) of that section provides: ·

"There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specified goods."

In addition to paying plaintiff by way of a note $5,000 in February, 1929, the deceased made three cash payments. Commencing with the month of December, 1927, twenty-nine consecutive monthly statements or invoices of account were mailed by the plaintiff to Miss Cawker. It is undisputed that some of these statements reached her. She also received certain collection letters. On December 8, 1928, some months after the last delivery, Miss Cawker wrote to the president of the plaintiff corporation and, among other things, said:

"As the deal is positively to be consummated within a week or ten days I will be in to pay up in full soon. However, I can never repay your kindness or the wonderful patience and faith you have shown towards me."

On February 13, 1930, twenty months after the last delivery of merchandise, Miss Cawker again wrote Mr. Bresler as follows:

"Am just recovering from pneumonia, but the doctor thinks I will be able to be out and attend to business in a few days and will arrange matters with you. Kindly let our bill stand as it is a short time longer and I will see you personally and settle everything."

On April 18, 1930, Miss Cawker wrote the Bresler Company as follows:

"Am sorry you were not able to give us thirty days' extension on one note with interest as we surely would be able to pay in full by that time as we have a buyer for our property next door, 165 feet by 150 feet, for $129,000. Kindly give us a few days as we are raising the money for you to pay in full. Trusting you will reconsider the matter to let us pay interest on the note due and pay for furniture when we sell which will be very soon."

In her original answer Miss Cawker admitted the giving of the note for $5,000, alleged partial payment, alleged the giving of a new note for the balance on February 17,

1930, for $2,300, alleged the payment of the $2,300 note, and alleged that it was her understanding that when the first note was given it covered the entire indebtedness of the defendant to the plaintiff; further alleged that she had sent a check for $500 to apply on the account, but the president had returned the check "in order to relieve her from distress."

To establish his defense the defendant introduced, over the objection of the plaintiff, the deposition of Miss Cawker, taken pursuant to sec. 326.12 otherwise than as a witness at the trial. It is claimed that this evidence was not admissible on behalf of the defendant for the reason that at the time of the trial Bresler, the president of the plaintiff company, between whom and Miss Cawker the transactions were had, was dead. (Sec. 325.17.) The defendant claims it is admissible under the provisions of sec. 325.31 relating to the testimony of an absent or deceased witness. It is considered that the contention of the plaintiff must in that regard be upheld. Upon the trial the plaintiff refrained from offering or using the deposition of Miss Cawker for the reason that it did not wish to open the door to its use by the defendant. Sec. 325.17 in part provides:

"No party, and no person from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with an agent of the adverse party . . . when such agent is dead or insane. . . ."

Under the circumstances, the admission of this deposition taken otherwise than as a witness upon the trial was erroneous. *Maldaner v. Smith,* 102 Wis. 30, 78 N. W. 140; *Boyd v. Gore,* 143 Wis. 531, 128 N. W. 68. It would have been erroneous even if taken as a witness according to the weight of authority. *Greenlee v. Mosnat,* 136 Iowa, 639, 111 N. W. 996, 14 L. R. A. n. s. 488 and note.

Sec. 325.31 preserves the testimony of an absent or deceased witness. It does not make an incompetent witness competent. The witness, whether he take the stand or speaks through a deposition, must be competent when his testimony is offered. Outside of the evidence offered by way of Miss Cawker's deposition, there was not sufficient to make a jury issue with respect to acceptance. The evidence which was given was of an unsatisfactory kind, and the witness was not able to fix the time when, as the witness claimed, directions were given by Miss Cawker to the plaintiff to remove the furniture. This in face of the undisputed payments and the promise of Miss Cawker to pay for the goods and the fact that in her original answer Miss Cawker alleged that what property was in reality sold to her by plaintiff and accepted by her, and the real and fair value thereof, she did not know and was unable to state, is insufficient to raise a jury issue with respect to acceptance. The demand claimed to have been made by Miss Cawker for the removal of the goods, according to the testimony of these witnesses, was not upon the ground that the goods had never been accepted. This evidence is consistent with the contention of the defendant that there was an agreed conditional delivery under which the deceased had a right to return the goods, but upon this issue the jury found against the defendant.

Error is also alleged because of the admission of certain correspondence passed between the plaintiff and David Zork Company of Chicago, who manufactured some of the articles delivered at the animal house. This was offered and received for the purpose of showing that some of the goods were made specially for the Cawker Animal Home and hence not subject to approval. The letters were competent for that purpose. In the view we take of the case the defendant could not be prejudiced by their admission in any event.

No issue was presented under the evidence as to the amount of the damages so there was nothing for the jury to pass upon in that regard. Miss Cawker's promise to pay in full was a promise to pay the amount of the invoice.

*By the Court.*—Judgment affirmed.

The following memorandum was filed September 12, 1933:

PER CURIAM (*on rehearing*). The principal contention made on the motion for rehearing in this case is that under the doctrine of *Nelson v. Ziegler,* 196 Wis. 426, 220 N. W. 194, the deposition of Miss Cawker was admissible. At the time of the trial as well as at the time her deposition was taken, F. H. Bresler, the agent and officer who conducted the transactions on behalf of the plaintiff, was deceased. Miss Cawker was not therefore at the time of the taking of the deposition, and had she been alive at the time of the trial when the deposition was offered would not have been, a competent witness against the plaintiff. Sec. 325.17, Stats. Sec. 325.31 does not in any way relate to the competency of witnesses, but relates to the admissibility of testimony of competent witnesses. The deposition could not be admitted unless at the time it was offered, the deponent, if living, would have been a competent witness.

Motion denied, with $25 costs.