## A. L. NICCOLLS v. BENJ. ESTERLY.

Witness; Evidence; *Transactions with Deceased Joint Contractor, and Partner; Waiver.* While a party may not under ¿ 322 of the civil code testify in his own behalf as to any transaction had personally by him with a deceased partner or joint contractor in the absence of his surviving partner or joint contractor, when such surviving partner or joint contractor is an adverse party, yet, if he is called by such adverse party to testify as to a part of any such transaction, he may, at his own instance, and in his own behalf, testify as to the whole of such transaction.

*Error from Franklin District Court.*

Esterly brought suit against *Niccolls* on a note given for $240, dated October 15th 1870, signed by Geo. H. Stewart,

*A. L. Niccolls*, and S. B. McCord. Plaintiff claimed a balance of $161.07. Answer, that Stewart was the principal debtor, and that he (Stewart) had paid said note in full. Trial at the November Term 1874. Finding and judgment in favor of the plaintiff for $117.75, and *Niccolls* brings the case here. The proceedings and alleged errors sufficiently appear in the opinion.

*John W. Deford*, for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error upon a note executed jointly by plaintiff in error, and S. B. McCord and Geo. H. Stewart. The answer of plaintiff in error alleged payment in full made by Geo. H. Stewart, principal on the note. It appeared that Stewart had died prior to the commencement of the action. Two questions are presented: First, that the finding was against the evidence; and second, that there was error in the admission of testimony.

Under the well-settled rules of this court, we cannot disturb the judgment on the first question presented. The testimony of Esterly was clear and positive, and according to it a balance still remained due. While there was contradictory testimony, still there was not such overwhelming contradiction as compelled a different finding.

The other question is thus presented by counsel in his brief:

Plaintiff Esterly then testified *in his own behalf*, as follows: "*Question by Plaintiff's Counsel.*–State for what purpose the $150 mortgage, given in evidence by the defendant, was given to you by Geo. H. Stewart?" [The defendant objected to this question, that it was incompetent by virtue of the provisions of § 322 of the civil code, and was irrelevant and immaterial, which objections the court overruled, and defendant excepted.] "*Answer.*–The mortgage was given to me by Mr. Stewart, as collateral and additional security to the note in suit. The deed, read in evidence by the defendant, was taken in consideration of the credit of $75 indorsed on the note sued on.

It was agreed *between Mr. Stewart and myself*, that the deed should be given me for the $75, and the $200 consideration named in the deed was not the true consideration. [To the admission of the above evidence of Esterly, the defendant objected, that it was incompetent by virtue of § 322 of the civil code. The court overruled the objection, and defendant excepted.] "I never had any conversation with Mr. Stewart, in the presence or hearing of his wife, as to the amount to be indorsed on the note in consideration of said deed. I was not present when the deed was made, and don't know where it was made."

That portion of the section referred to which bears upon the question provides, that a party shall not be competent to testify "to any transaction had personally by such party with a deceased partner or joint contractor in the absence of his surviving partner or joint contractor, when such surviving partner or joint contractor is an adverse party." This language seems applicable to the case at bar, and to render the testimony offered incompetent; and so we should be constrained to hold but for what had previously transpired. The burden of proof being, under the pleadings, upon the defendant, he opened the case, and called, as his first witness, the plaintiff Esterly, who testified:

"* * * After this, Mr. Stewart brought me the note now in suit here, which I accepted, and gave up the old $240 note, and released the mortgage securing it. Sometime afterward he gave me another note for $150, secured by mortgage." [Here a mortgage-deed, of which a copy is annexed, marked A, and made a part of the "case made," was handed to the witness.] "This is the mortgage given to secure the $150 note. Afterward, Mr. Stewart and his wife conveyed the property described in this mortgage, to me." [Here a deed of conveyance, of which a copy is annexed, marked B, and made a part of the "case made," was placed in the hands of the witness.] "This is the deed of conveyance just mentioned. Those above named are all the notes, deeds or mortgages, I ever got from Stewart."

Now the testimony of the plaintiff in his own behalf was in reference to the same transactions of which he had testified at the instance of defendant. And while, if the defendant

had so chosen, none of this testimony could have been admitted, yet, having interrogated the plaintiff concerning these matters, and having obtained some of the facts concerning them, he could not thereafter object to the plaintiff's giving all the facts. By introducing part, he opens the door to all. Just as a party may not introduce his own statements in his own behalf, yet if his adversary draws out part of a conversation he may introduce the balance. The principle is general, that where a particular witness, or a certain kind of testimony, may be excluded, if the party who has the right to insist upon the exclusion waives that right, and himself calls the witness, or introduces the testimony, he cannot, after he has obtained what he desires, insist upon the exclusion, so far at least as to prevent a full development of the matters which he has partially presented.

These being the only matters presented by counsel, and in them appearing no error, the judgment will be affirmed.

All the Justices concurring.