MARY G. RUSSELL, APPELLEE, v. ESTATE OF JOHN A. CLOSE, ET AL., APPELLANTS.

FILED JANUARY 23, 1909. No. 15,850.

1. Executors and Administrators: CLAIMS: EVIDENCE. C., an aged man, who was afflicted with an incurable disease, agreed with R. that if she would remain in his home as his housekeeper, companion and nurse, and care for and nurse him until his death, he would pay, or cause to be paid, to her, $1,000 in addition to the wage he was then paying her, which was $2 a week. He reduced his agreement to writing and signed the same. She accepted its terms and fully performed its obligations on her part. He accepted her services until his death, which occurred nearly a year thereafter. *Held,* That this created a debt against his estate, and that the writing could be received in evidence as tending to prove the agreement.

2. Trial: WRITING: DELIVERY: QUESTION FOR JURY.  One of the defenses interposed by those interested in the estate was nondelivery of the writing.  The plaintiff having produced some competent evidence tending to prove a delivery, the court submitted that question to the jury under proper instructions.  *Held,* That this furnished the defendants no ground for complaint, and the court did not err in refusing to instruct the jury to return a verdict for the defendants.

3. Witnesses: TRANSACTION WITH DECEDENT: WAIVER.  The defendants reproduced in evidence, as tending to show nondelivery, a part of the plaintiff's testimony, given without objection on the hearing upon her claim in the county court, relating to a part of the transacton which took place between her and the deceased when the agreement in question was made.  *Held,* That they thereby waived the protection afforded the estate by section 329 of the code, and that the plaintiff was entitled to reproduce the rest of her former evidence as to that particular transaction.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE.  *Affirmed.*

*Frank Dolezal, George L. Loomis* and *H. C. Maynard,* for appellants.

*Grant G. Martin, R. J. Stinson* and *J. C. Cook, contra.*

BARNES, J.

The appellee, who was the plaintiff in the trial court, filed a claim against the estate of one John A. Close, late of Dodge county, consisting of several items, one of which was for $1,000, based on a certain agreement or written promise made to her by the deceased about a year before his death, which reads as follows: "Arlington, July 15th, 1903.  I do hereby promise to pay Mary G. Russell $1,000 —one thousand dollars—or leave that sum to be paid to her at my death, for services rendered me by her as housekeeper and companion and nurse for the past four years, and until my death, besides her weekly wages, which I pay quarterly. Mr. John A. Close."  She alleged that she had fully complied with all of the provisions of the agreement on her part; that she had remained in the home of

the deceased as his housekeeper, companion and nurse; that she nursed and took care of him until his death, which occurred nearly a year after he gave her the promise above quoted; that no part of the $1,000 mentioned therein had been paid to her, and prayed for a judgment against his estate for that sum. The executor of the estate refused to pay any of the items of plaintiff's claim, and a hearing was had before the county court of Dodge county thereon. From the order entered therein the case was appealed to the district court. For defense to that portion of the claim above mentioned the defendants denied the execution and delivery of the writing, and alleged that it was made and obtained by the plaintiff by means of undue influence over the deceased; that he was, by reason of his mental and physical condition, incompetent to make said agreement or promise, and defendants also introduced testimony tending to show that the instrument was a forgery. A trial in the district court resulted in a verdict and judgment for the plaintiff upon all of the items of her claim. Thereupon the executor prosecuted error to this court, where the judgment was reversed because the trial court received plaintiff's evidence as to the transactions which had taken place between her and the deceased in violation of the provisions of section 329 of the code. See *Russell v. Estate of Close,* 79 Neb. 318. Upon a retrial in the district court, the plaintiff again recovered judgment, and the defendants have brought the case here a second time by appeal.

Three grounds are assigned for a reversal of the judgment: First, that the evidence does not sustain the verdict, in that it fails to show a delivery of the written promise; second, that the trial court erred in receiving in evidence the cross-examination of the witness Anna Godel; and, third, that the court erred in refusing to direct a verdict for the defendants. These assignments will be disposed of in the order in which they are presented.

1. The defendants' contention as to the insufficiency of the evidence is based on the claim that the instrument in

question was never delivered to the plaintiff by John A. Close, and therefore it never became operative, and no action can be maintained thereon. As a foundation for this contention, defendants treat the instrument as a negotiable promissory note, and have cited many authorities which hold that a promissory note in order to furnish a basis for an action must be absolutely and unconditionally delivered to the payee in the lifetime of the maker. If the writing in question was in fact or in law such a note, defendants' contention would merit serious consideration. The instrument, however, in our opinion, is not a promissory note. It is merely the written evidence of an agreement on the part of the deceased to pay, or cause to be paid, to the plaintiff, the sum of $1,000 in case she should remain with him as his housekeeper, companion and nurse, and should perform those duties and care for him until his death. To be binding on him, it required her acceptance of its terms, and the performance of the duties imposed thereby upon her part. The agreement was so treated by her when she entered upon its performance, and continued to faithfully care for the deceased, which she did, until his death, and it was so treated by her in her petition in the district court. It is true that in two places in her petitions he speaks of the writing as a "promissory note or agreement," but this does not affect its real nature or change its legal effect. Full performance of the terms of this agreement having been shown by the plaintiff, and her services having been accepted, the writing was admissible in evidence when it was shown to have been signed by the deceased, and failure to prove delivery would not destroy its evidential value as proof of the agreement which it purports to set forth. The instrument was, therefore, properly received in evidence, even if there had been no proof of its manual delivery to the plaintiff. 3 Ency. of Evi., p. 521; *Eager v. Crawford,* 76 N. Y. 97; *Mobile Marine D. & M. Ins. Co. v. McMillan & Son,* 31 Ala. 711. Again, if John A. Close dictated and signed this contract or agreement, and thereby induced

the plaintiff to believe that he had made provision for her other than her weekly wages, and afterwards permitted her to render him valuable services as a housekeeper, companion and nurse under such belief, neither he nor his representatives should be allowed to say that the agreement was inoperative for want of a formal delivery. *Walker v. Walker*, 42 Ill. 311; *Reed v. Douthit*, 62 Ill. 348; *Hayes v. Boylan*, 141 Ill. 400.

The record before us discloses, however, that the district court was of opinion that delivery of the agreement was essential, and submitted the case to the jury on that theory under the belief that there was competent evidence tending to show an actual or, at least, a constructive delivery of it to the plaintiff. This ruling favored the defendants' theory of the case, and furnishes them no grounds of complaint. The testimony on this point was, in substance, that on the 15th day of July, 1903, the plaintiff suggested to John A. Close that he was so badly afflicted, and that it was so much work to care for him and nurse him, that $2 a week was not a sufficient compensation. He assented to that statement, and thereupon dictated the instrument in question, which she wrote precisely as he gave it to her; that he signed it, and delivered it to her with the suggestion that she keep it in a desk which contained his will and some of her private papers. She assented to this suggestion, and placed the paper in the desk, where it was found and taken possession of by the executor. It appears that she carried the key to the desk, and, whenever the deceased wanted any papers taken out of that receptacle, she unlocked it and got them for him; that she also had some private papers of her own which she kept in the same desk, and that she gave the key to the executor to enable him to get the will. It therefore seems clear to us that the district court was right in the conclusion that there was sufficient evidence of a delivery to require the submission of that question to the jury.

2. This brings us to the consideration of the defendants'

second assignment, which is that the district court erred in admitting incompetent and immaterial evidence. It appears that, after the plaintiff had introduced all of her evidence and rested her case, the defendants deeming the question of the delivery of the instrument a material and important one, for the purpose of proving nondelivery, called a witness, one Anna Godel, a stenographer, who reported the testimony which was taken on the hearing in the county court, and had her reproduce from her stenographic notes so much of the plaintiff's testimony relating to the transaction in question with the deceased, and which had been there given by her without objection, as they thought tended to show that the instrument had never been delivered to her. The plaintiff thereupon, by the cross-examination of this witness, was allowed to reproduce the remainder of the plaintiff's evidence relating to that particular transaction. It is now strenuously contended that this evidence should have been excluded, and that its reception was a violation of the provisions of section 329 of the code, which reads as follows: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation, or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation." Now, if the defendants had not introduced a part of the plaintiff's testimony relating to the transaction in question, the evidence complained of could not have been received. But, having seen fit to waive the protection

offered by the statute, and having produced a part of the plaintiff's evidence relating to the transaction in question with the deceased, they thereby rendered the rest of her testimony as to that transaction competent.

In *Niccolls v. Esterly*, 16 Kan. 32, and *Roberts v. Briscoe*, 44 Ohio St. 596, it was held that by introducing a part of the evidence of the interested party the defendant opens the door to all of it. Again, this statute has been many times construed by this court in cases which are decisive of this question. It has been held that, where an administrator introduces in evidence a letter from the adverse party, giving a narrative of the transaction with a deceased person, upon which the action is based, the evidence of the adverse party as to the transaction recited in the letter upon his own behalf is not incompetent under the provisions of this section. *Cline v. Dexter*, 72 Neb. 619. In *Davis v. Neligh*, 7 Neb. 84, it was said: "But where a witness has related a portion of what took place at a particular time or place, or a part of a particular transaction, he may be cross-examined as to matters showing the *entire transaction.*" *American Savings Bank v. Estate of Harrington*, 34 Neb. 597, was an action on a note signed by a father and son, filed as a claim against the estate of the father. On the trial the son testified as a witness that his father was merely a surety on the note, and that he was the principal; that the note had been extended from time to time without the knowledge or assent of his father. He was then asked if it was not a part of the agreement between himself and his father on one side, and the bank on the other, that the note was not to be paid in full when due, but was to be extended from time to time for about one year. The evidence was excluded, and it was held by this court that it was competent and proper because, the estate having shown a part of the transaction, the plaintiff was entitled to show the whole of it. In *Taylor v. Ainsworth*, 49 Neb. 696, it was alleged by plaintiff, an executor of a person deceased, that the defendant had received from the deceased during her

lifetime, the sum of $1,000, which he undertook to loan for her at advantageous rates, and which he falsely and fraudulently pretended to her he had so loaned, and that he had refused to pay the same or any part thereof. On the trial of the issues as properly involving the performance of a trust, certain letters of the defendant were introduced in evidence by plaintiff, which defendant was required to identify as a witness, and as a witness he was required by plaintiff to state simply that he had received from the deceased $1,000. It was held that the transaction between the deceased and the witness was an entirety, and that the proof above made authorized the defendant to testify as to how little, if anything, remained unpaid to the estate of the testatrix. It appears from the record that the trial court carefully excluded all of the evidence of the plaintiff given upon the hearing in the county court, except so much as related to the particular transaction about which the defendants inquired. By introducing the evidence of the witness Anna Godel, the defendants waived the right guaranteed them by the statute, and the district court did not err in refusing to exclude the evidence complained of.

3. As to the defendants' third contention, that the court erred in refusing to direct the jury to return a verdict in their favor, it is sufficient to say that, if we are right in our conclusions as to the other two assignments, it was proper for the court to refuse this instruction. There was at least some competent evidence tending to show the delivery of the instrument in question, and to establish all of the elements necessary to authorize a recovery on the part of the plaintiff. It would therefore have been reversible error for the district court to have directed a verdict against her.

Finding no error in the record, and it appearing (to quote a favorite expression of a former honored member of this court) "That substantial justice has been done," the judgment of the district court is

AFFIRMED.