A. J. MILLS, APPELLEE, V. B. O. MILLS ET AL., APPELLANTS.

FILED FEBRUARY 8, 1934. No. 28681.

*Butler & James* and *J. F. Ratcliff*, for appellants.

*Scott & Scott, contra.*

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

YEAGER, District Judge.

This is a suit instituted for the purpose of recovering on three promissory notes. The plaintiff recovered judgment thereon and the defendants have appealed.

The action as originally instituted was by the appellee,' A. J. Mills, against C. E. Mills and the appellants B. O. Mills and J. E. Mills, all brothers, but no service of process was had upon C. E. Mills, so the action proceeded against the appellants.

The petition set forth, in three causes of action, that the defendants were indebted to the plaintiff on the 1st day of February, 1927, in the sums of $765, $500, and $900, and that as an evidence of such indebtedness they executed three promissory notes, one for $765, due January 1, 1928, one for $500, due April 1, 1928, and one for $900, due February 1, 1929, each of which notes bore 8 per cent. interest per annum, payable per annum from date until maturity, and 10 per cent. per annum in case of default at maturity; and that the interest was paid thereon to February 1, 1929, but that nothing was paid thereafter thereon, either by way of interest or principal.

The appellants admitted the execution of the notes sued upon and also that the interest had been paid thereon, as alleged, by C. E. Mills. They alleged as a defense to the suit on the said notes: (1) That the said notes were executed by them only for the accommodation of the appellee, and that they, the appellants, received no consideration for the said notes; and (2) that because of the failure of

the appellee to present the notes in question at the time of maturity he is estopped from claiming that the appellants are liable thereon.

The appellants urge three propositions as a basis for reversal, only two of which require any consideration in this case. They are as follows: (1) The court erred in admitting evidence as to the ownership of the notes in question after sustaining a motion of the appellee for a directed verdict in his favor. (2) There was sufficient evidence on a disputed question of fact as to whether or not the notes in question were signed by them as an accommodation to the appellee to require the submission of that question to a jury.

At the conclusion of the evidence the court sustained a motion made by the plaintiff and appellee for a directed verdict in his favor. After sustaining the motion for a directed verdict the plaintiff was given leave to adduce additional evidence as to the ownership of the notes, the purpose being to show affirmatively that the plaintiff, appellee herein, was the true owner.

Taking the two propositions in their order, on an examination of the record we fail to find in the transcript of the pleadings that any issue was tendered on the question of ownership of the notes, and likewise an examination of the bill of exceptions fails to disclose that the case was tried on any theory not tendered by the pleadings. Therefore, the *prima facie* presumption that the payee in possession of a promissory note not indorsed is presumed to be the actual owner must prevail.

Did, then, the record in the case present an issue of fact on the question of accommodation indorsement which should have been submitted to a jury? On the trial of the case the appellee and the appellants testified. All three witnesses agree on one point of fact and that is that the appellee requested the appellants to sign the notes with C. E. Mills, which request was made out of the presence of C. E. Mills. There is nothing to be found in the record wherein it was stated that C. E. Mills ever

requested the appellants to sign with him. The appellee substantially stated that he asked them to sign because the notes were not considered bankable by the bank with the signature of C. E. Mills alone thereon, since the notes were given for the purchase price of horses which were to be removed to Canada, and that the appellants signed in order that C. E. Mills might obtain the horses. On the other hand, the appellants testified substantially that they signed the notes at the request of the appellee, who represented that he wanted their signatures thereon for the purpose of causing the notes to become acceptable at the bank and in order that appellee might be able to complete his sale of horses; and, further, that appellants would never be called upon to pay the notes.

The only evidence in the record given by the appellants which tends toward an admission that they were anything more than accommodation indorsers for the benefit of the appellee was given in response to three questions, which questions are set out here: "Q. In fact, it was your intention at that time to secure your brother so that he could buy these horses and take them to Canada; is not that right? A. Our understanding was that he just wanted the interest. * * * Q. But the fact is that you signed these notes to help your brother so he could take the horses—take the horses out of the country? A. Yes. * * * Q. Just state, as near as you can recollect, just what was said at that time. A. He wanted to fix the notes * * * and he thought the notes would look better if we would sign with him; it would show up better to satisfy the clerk; that he intended to hold the notes himself, and that he wanted the interest paid; * * * and he did not intend for us to pay them." It must be remembered that these questions and answers have reference to conversations between the appellee and the appellant or appellants and out of the presence of the purchaser of the horses, and, further, the evidence is all to the effect that the purchaser never at any time requested appellants to sign the notes in question. To hold that

this language amounted to an admission of something beyond accommodation to the appellee would give it a meaning beyond its context either taken alone or taken in conjunction with the rest of their testimony which is a clear cut denial of anything, except accommodation indorsement for the benefit of the appellee herein.

The sale was had on the last day of January, 1927, and the notes signed the next day at the bank, and at that time they were delivered to the bank, all of which proceedings took place out of the presence of the appellee. Presumably at least these proceedings took place in the presence of some officer of the bank and presumably some conversation took place at that time but no enlightenment is furnished on that point.

The record therefore disclosed that in so far as the appellants are concerned they were accommodation indorsers of the notes in question. There is also disclosed by the evidence a substantial conflict on the question of whether or not they were indorsers for the accommodation of the appellee. This court is committed to the rule that an accommodation maker or surety of a promissory note is not liable to the party accommodated. It is committed to the further rule that where there is a substantial conflict in the evidence as to whether or not the indorsement is for accommodation, then the question is one for a jury.

We are therefore of the opinion that the district court erroneously sustained the motion of the plaintiff for a directed verdict and for judgment for the plaintiff; and that the judgment should be reversed and the cause is remanded.

**REVERSED.**

RAPER, District Judge, dissents.