CLARA A. MILLS, EXECUTRIX, APPELLANT, V. C. E. MILLS ET AL., APPELLEES.

FILED APRIL 30, 1936. No. 29461.

*Stiner & Boslaugh, L. R. Stiner* and *Charles E. McCarl,* for appellant.

*J. F. Ratcliff* and *Butler & James, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and RAPER and PROUDFIT, District Judges.

EBERLY, J.

This is an action at law upon three promissory notes. A. J. Mills, on March 17, 1932, filed his petition in the district court for Hitchcock county, alleging that the defendants, C. E. Mills, B. O. Mills, and J. E. Mills, were indebted to him on three promissory notes, for which indebtedness he prayed judgment. Defendants B. O. Mills and J. E. Mills answered that the notes in suit were given to evidence the purchase price of certain horses sold by A. J. Mills to C. E. Mills; that there was no other consideration therefor; that

plaintiff advised the answering defendants that he did not expect them to pay said notes, but that their signatures were necessary in order that said notes could be used by plaintiff in connection with third parties; and that they signed said notes only for the accommodation of the plaintiff. Plaintiff's reply was a general denial. The first trial of the case resulted in judgment upon a directed verdict for plaintiff against B. O. Mills and J. E. Mills, the principal debtor, C. E. Mills, not being served. This judgment was reversed on appeal (126 Neb. 74, 252 N. W. 471) and the case remanded. Thereafter A. J. Mills died, and the action was revived in the name of his executrix, Clara A. Mills, appellant. Upon retrial on the same pleadings, the jury's verdict was for the defendants, and judgment was rendered accordingly. From the order of the trial court overruling her motion for a new trial, the executrix appeals.

The sole question presented by the record is whether the trial court properly admitted in evidence, over objections of the executrix properly framed under section 20-1202, Comp. St. 1929, the evidence of the two defendants as to the oral statements made and oral conversation had between them and the original plaintiff, now deceased, which related to and comprised the transaction between these parties substantially at the time of, and which resulted in, the execution by the defendants of the obligations in suit. Preceding this, the three notes in suit had been offered and received in evidence; the death of A. J. Mills was proved, and the appointment of the executrix established; and the defendants' pleading admitted the signatures of the notes, the delivery thereof, and the amount unpaid thereon.

The controlling section of our statutes is 20-1202, Comp. St. 1929. It was originally adopted as section 329 of title X of our Civil Code in 1866.

Section 328 of the Civil Code of 1866 provided: "Every human being of sufficient capacity to understand the obligation of an oath, is a competent witness in all cases, civil and criminal, except as otherwise herein declared. The following persons shall be incompetent to testify: (Here

followed five statutory classes of incompetents, which have no application to the instant case.)"

. Section 329, so far as here applicable, originally provided: "Nor shall any person having a direct legal interest in the result of any civil cause or proceeding, be a competent witness therein, when the adverse party is an executor, administrator, or legal representative of a deceased person."

By an act approved February 19, 1877, such section 329 was amended to read: "No person having a direct legal interest in the result of any civil cause or proceeding shall be a competent witness therein, when the adverse party is an executor, administrator, or legal representative of a deceased person, unless the testimony of such deceased person shall have been taken during his lifetime, and is to be read in evidence in such cause or proceeding."

However, in 1883, section 329 was again amended by chapter 83 of the session laws of that year to read as it now appears in our 1929 Compiled Statutes as section 20-1202, viz.: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation, or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, in which case the person having such direct legal interest may be examined in regard to the facts testified to by such deceased person or such witness, but shall not be permitted to further testify in regard to such transaction or conversation."

Under the terms of the statute last quoted, appellees insist that the proper rule to be applied in the instant case is: "Where a party has been rendered incompetent to testify by reason of the death of the adverse party, his testimony at a former trial, given when the adverse party was living and had and exercised the privilege of cross-examination and

testifying in rebuttal, is admissible on a second trial of the same issues."

This jurisdiction is fully committed to the doctrine that, "Where a witness is shown to be absent from the state, his testimony given at a former trial of the cause is admissible in evidence, *if otherwise unobjectionable.*" (Italics ours.) *Omaha Street R. Co. v. Elkins,* 39 Neb. 480, 58 N. W. 164. See, also, *City of Omaha v. Jensen,* 35 Neb. 68, 52 N. W. 833; *Jerich v. Union P. R. Co.,* 97 Neb. 767, 151 N. W. 310; *In re Estate of O'Connor,* 101 Neb. 617, 164 N. W. 570; *Koenigstein v. State,* 103 Neb. 580, 173 N. W. 603.

Whether or not the questioned testimony in the instant case is or is not "otherwise unobjectionable" must be determined by the proper construction of section 20-1202, Comp. St. 1929, hereinbefore quoted. Such testimony obviously is not within the express terms of this statute as it now exists. As we now read it, it prescribes two requisites to the admission of this class of evidence, stated in the alternative, viz.: Either (1) the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation, or (2) such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation.

In the instant case, on the present trial, the representative of the deceased party "read no evidence of such deceased," and introduced no witness who testified to the conversation or transaction which constituted the defense in the instant suit. The conclusion follows that the admission of the controverted evidence is not justified by the express terms of the statute, and if to be approved, it must be because of necessary implications arising therefrom. However, if we recur to the amendment of 1877 we find statutory language which might justify the action under consideration. It might well be said, in view of the precedents cited, that the previous testimony of the defendants given at the first trial, in the presence of the deceased, and subjected to cross-examination by deceased's legal representa-

tives, was squarely within the words of the 1877 amendment which excluded as inadmissible the evidence of a party having a direct legal interest when the adverse party is an executor, administrator, or legal representative of a deceased person; and also defined as an avoidance of such exclusion, "unless the testimony of the deceased shall have been taken during his lifetime," etc. Under the amendment of 1877, it would seem that the controverted evidence here in question would be receivable for the very reasons now advanced to support the action of the trial court in the instant case. But the language just set out, contained in the amendment of 1877, was absolutely repealed by the amendment of 1883 already referred to.

In the construction of statutes, the history of the legislation involved becomes important. So too, this jurisdiction has announced this rule: "In considering an amendatory or substituted statute, it is proper to consider the provisions of the law which was repealed in connection with the law which takes its place, in order to ascertain the legislative intent, and all provisions of the original statute which are not carried forward into or repeated in the new law are annulled by the repealing statute." *Campbell v. Youngson,* 80 Neb. 322, 114 N. W. 415.

Such a comparison indicates beyond question that the provisions introduced in section 329 of our Civil Code by the amendment of 1877, heretofore quoted and referred to, were in no part and in no degree carried forward into or repeated by the amendment of 1883 which now constitutes section 20-1202, Comp. St. 1929. Such being the case, they must be considered as annulled by the necessary effect of the provisions of section 20-1202 now in force. See *Campbell v. Youngson, supra; In re Estate of Bayer,* 116 Neb. 670, 218 N. W. 746; *Ancient and Accepted Scottish Rite v. Board of County Commissioners,* 122 Neb. 586, 241 N. W. 93; *Shandy v. City of Omaha,* 127 Neb. 406, 255 N. W. 477; *State v. Thomas,* 127 Neb. 891, 257 N. W. 265.

It may also be suggested that such section 20-1202 is a part of our Civil Code. Its language should be considered

in the light of other Code provisions relative to the subject to which it pertains. Its terms manifestly relate to the subject of conduct of trials, and, as involved in the instant case, to conduct of jury trials.

Section 20-1107, Comp. St. 1929, so far as pertinent in the instant case, provides: "The trial shall proceed in the following order, unless the court for special reasons otherwise direct. * * * Third. The party who would be defeated if no evidence were given on either side must first produce his evidence; the adverse party will then produce his evidence. Fourth. The parties will then be confined to rebutting evidence unless the court, for good reasons in furtherance of justice permits them to offer evidence in their original case."

Construing sections 20-1202 and 20-1107 together, it is obvious that the evidence of the deceased person or the testimony of the witness referred to in section 20-1202 is by that section contemplated to have been read or given in the regular course of trial as prescribed by section 20-1107, by the party adverse to him who is seeking to take advantage of the exception thus created. In the instant case, the plaintiff at no time introduced any part of the controverted evidence, and therefore the adverse parties can claim no rights of proof because of the exceptions created by section 20-1202. It may be said that this conclusion is in harmony with the following precedents: *Quick v. Brooks*, 29 Ia. 484; *Russell v. Estate of Close*, 83 Neb. 232, 119 N. W. 515; *Bresler Co. v. Bauer*, 212 Wis. 386, 248 N. W. 788; *Smith v. Billings*, 76 Ill. App. 454; *Garvik v. Burlington, C. R. & N. R. Co.*, 131 Ia. 415, 108 N. W. 327.

It follows, in view of the situation as appears in the record before us, that the conditions precedent created by section 20-1202 do not appear in such record, and the trial court erred in the admission of the controverted evidence as to the conversation and transaction between the deceased plaintiff and the defendants, testified to by the latter, and erred in overruling plaintiff's motion for a new trial based thereon.

Therefore, the judgment of the district court is reversed and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.