WILLIAM A. ROSE, AS ADMINISTRATOR OF THE ESTATE OF MARGARET MEYER, DECEASED, APPELLANT, v. MINNIE KAHLER, APPELLEE.

38 N. W. 2d 391

Filed June 29, 1949. No. 32646.

W. J. Moss and Melvin Moss, for appellant.

Denney & Denney, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

The administrator of the estate of Margaret Meyer, deceased, brought this action in equity for an accounting and to recover personal assets of the estate of which defendant had allegedly taken possession prior to the appointment of the administrator, and thereafter refused to deliver to plaintiff. Temporary injunction was

granted as prayed, restraining defendant from disposing of any such assets pendente lite.

Defendant answered, denying generally, and alleging that any money of deceased deposited in banks was in a joint and survivorship account, of which defendant was survivor; that the household goods of deceased were sold or given away prior to her death, except a few articles which were divided and sold thereafter with consent of the heirs; that there were no claims allowed against the estate; that the assets were used by defendant to pay debts of deceased or appropriately distributed by defendant to the heirs before appointment of an administrator; and that defendant had nothing in her possession belonging to the estate of which plaintiff was entitled to possession. Plaintiff's reply was in the nature of a general denial.

After hearing upon the merits, the trial court entered its decree, finding generally for defendant, dissolving the temporary injunction, and dismissing plaintiff's action. Motion for new trial was overruled, and plaintiff appealed. The brief assigned some 19 alleged errors, which, summarized, were in effect that: (1) The trial court erred in the admission of certain evidence; and (2) that the judgment was contrary to law and not sustained by the evidence. We conclude that the assignments should not be sustained.

With regard to the first assignment, plaintiff contended that the trial court, over appropriate objections, erroneously permitted witnesses for defendant, having a direct legal interest in the result of the action, to testify with regard to certain transactions and conversations with deceased during her lifetime in violation of section 25-1202, R. S. 1943.

In that regard, plaintiff, as representative, first introduced a witness, who testified generally and specifically with regard to such transactions and conversations, thus affirmatively bringing the situation squarely within the exception specifically provided in the statute.

In construing that section it was held in Mills v. Mills, 130 Neb. 881, 266 N. W. 759: "The testimony of a witness as to a transaction or conversation had by him with a person since deceased is inadmissible in any civil action or proceeding in the result of which such witness has a direct legal interest, when the adverse party thereto is the representative of such deceased person, unless and until the evidence of such deceased party, in regard to such transaction or conversation, shall have been taken and read in evidence by such representative, or unless the latter shall have first introduced a witness who shall have testified to such transaction or conversation." In the light thereof, plaintiff's contention has no merit.

Plaintiff also contended that, over appropriate objections, the trial court erred in admitting certain statements of account. The record discloses that such instruments were, generally speaking, simply abstracts, tabulations, or summations of previous stipulations, evidence, and instruments, such as bank deposits, cancelled checks, and bank ledger sheets, all of which evidence was properly admitted by the trial court. The applicable rule is that audits or statements of account prepared for use at the trial are not ordinarily admissible, but the trial court may, in the exercise of its judicial discretion, admit them when they are merely abstracts, tabulations, or summaries of other evidence capable of calculation which has been properly admitted. See, Jones on Evidence, Pocket Edition, § 206, p. 254; 32 C. J. S., Evidence, § 698, p. 592; 22 C. J., Evidence, § 1094, p. 896; Buckley v. State, 131 Neb. 752, 269 N. W. 892.

In any event, plaintiff's contention is controlled by the rule that: "In a case tried to the court, the presumption obtains that the court, in arriving at a decision, will consider such evidence only as is competent and relevant, and this court will not reverse a case so tried because other evidence was admitted." Coffin v. Maitland, 146 Neb. 477, 20 N. W. 2d 310. See, also, In re

Estate of Grblny, 147 Neb. 117, 22 N. W. 2d 488; Western Smelting & Refining Co. v. First Nat. Bank, 150 Neb. 477, 35 N. W. 2d 116.

Decision upon the merits rests primarily upon evidence about which there is but little dispute, as it relates to material issues. At the outset we call attention to certain basic facts as a foundation for further discussion. Margaret Meyer died May 30, 1945. The administrator was not appointed until May 7, 1946. On September 9, 1946, the last day for filing claims, the attorney for Stena Feine, a daughter, filed a claim in her behalf against the estate for an alleged balance of $500 allegedly due upon a contract with deceased, hereinafter discussed. Concededly, it was the only claim ever filed against the estate. Objections thereto were filed, and the claim was never allowed. Neither did plaintiff's petition affirmatively allege that there were any unpaid debts or claims against the estate. An order barring claims was entered September 10, 1946.

On March 31, 1947, counsel for plaintiff made a written demand upon defendant to turn over assets of the estate to the administrator. On April 14, 1947, this action was filed, and the temporary injunction granted. Trial on the merits began on September 29, 1948, and on September 30, 1948, plaintiff rested. Defendant then moved to dismiss for the reason, among others, that plaintiff had failed to prove that defendant had in her possession any property or money belonging to deceased on May 30, 1945, and that the record affirmatively showed that any money on hand at that time was in joint and survivorship bank accounts with "Margaret Meyer or Minnie Kahler," defendant herein, of which accounts she was the survivor.

Defendant's motion was overruled, and, at suggestion of the court, it was then agreed that from the evidence thus adduced by plaintiff, it could be found that there was due plaintiff from defendant, including interest, the sum of $396.22, exclusive of the bank accounts, and

that the question of their ownership would be reserved for further consideration by the court.

For the purpose of saving time, if possible, counsel for defendant then asked permission to argue the law relating to the bank accounts, with the privilege of adducing evidence in defendant's behalf with relation to her equities, should the decision thereon be against her. Thereupon, the court on its own motion, permitted defendant to enter a conditional rest, leaving for further disposition the question of whether or not it would necessarily be withdrawn by defendant for the purpose of adducing evidence in her defense. Contrary to plaintiff's contention, it was never stipulated that the court should ultimately enter any judgment whatever against defendant for any amount unless defendant thereafter failed to withdraw her conditional rest and adduce evidence. The record is replete with rulings of the trial court which sustain that conclusion.

In that regard, on October 19, 1948, after giving consideration to contentions of the parties with relation to the bank accounts, the trial court sent a memorandum to the lawyers simply finding in effect that under the law and the evidence thus far adduced only by plaintiff, the balance in the bank accounts would be the property of Margaret Meyer at the date of her death, thus passing title to the representative. In the light of the record theretofore made, such memorandum was never intended to be, and never was in fact a judgment on the merits. It was never filed or entered upon the records by the court in any manner as a final adjudication upon the merits, but was simply a memorandum informing counsel in effect that upon the record as then existent, defendant was not entitled to dismissal, but that plaintiff would be entitled to a judgment if defendant failed to withdraw her conditional rest and adduce evidence to sustain her defense.

In that connection, on November 15, 1948, in open court defendant asked leave to withdraw her conditional

rest theretofore entered by the court, and requested that she be "allowed to proceed with evidence in defense of this action." Plaintiff's sole objection thereto then made was that the district court had no jurisdiction to adjudicate whether or not defendant had made a distribution of money and property prior to appointment of the administrator which were in her possession at the death of Margaret Meyer or which came into her possession thereafter but prior to appointment of the administrator.

Plaintiff's objections thereto, and his motion to require defendant to state the issues upon which she expected to adduce evidence were overruled, and defendant's request was granted. On November 26, 1948, evidence was adduced in defendant's behalf, whereupon she rested, and plaintiff offered no rebuttal evidence. In that situation, the conditional stipulation heretofore discussed was in fact no longer existent or controlling. In other words, the effect of the court's ruling was to set aside the stipulation, which it had a right to do under the circumstances in the exercise of a sound judicial discretion for the promotion of justice. See, Keens v. Robertson, 46 Neb. 837, 65 N. W. 897; In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829.

Turning to the record, we find that there was competent evidence therein to sustain the following: Gerd P. Meyer, husband of Margaret Meyer and father of defendant and several other children, died in 1935. At that time he was the owner of valuable real property, and left a will which was probated after the death of his wife, Margaret Meyer. The assets of his estate were incidentally involved in this action only to clarify defendant's accounting for the assets in the estate of Margaret Meyer.

While the father was still living, on March 18, 1935, a written agreement was entered into between Stena Feine, and the father and mother, whereby, for a consideration of $25 a month she agreed to live with her

aging parents, perform the general household duties, and care for them during their lifetime. Also, on December 17, 1936, after the father's death, the mother executed and delivered to Stena Feine an absolute power of attorney over her money and property. Such money as the mother then had and such as was thereafter received by her during Stena Feine's tenure under the contract was, by agreement, authoritatively deposited in joint and survivorship bank accounts in the name of "Margaret Meyer or Stena Feine." The mother was competent mentally at all times, but was physically incapacitated by heart trouble which made it difficult for her to perform her household duties and transact her business affairs. Therefore, under authority heretofore set forth, Stena Feine performed the duties and looked after such matters with the mother's knowledge and consent until April 10, 1945, when she herself became disabled and no longer able to do so.

At or about that time the mother, without dispute, paid her $3,000, and the agreement aforesaid was dissolved by mutual consent, as specifically provided therein. Stena Feine, defendant, and the mother were all present at that time, and at the request of Stena Feine, because she was physically unable to write, defendant wrote across the face of the contract, "Paid in full March 1945" and Stena Feine herself drew lines through the signatures appearing on the contract. Whether or not a settlement in full was then in fact actually made is not controlling here, and we need not discuss or decide that question.

Be that as it may, before Stena Feine left the mother on April 10, 1945, this defendant undertook to and did assume the former's responsibilities with regard to the mother and her business affairs. At that time, in the presence of all three, it was mutually agreed, and the mother directed that defendant should have authority to handle the mother's business affairs and bank accounts in the same manner as Stena Feine had done, and that

after the mother's death defendant should have authority to pay the funeral expenses and other debts, and make distribution of the money and property remaining to her heirs. At that time the bank accounts were authoritatively changed from "Margaret Meyer or Stena Feine" to "Margaret Meyer or Minnie Kahler" defendant herein and survivor thereof.

Defendant in good faith carried out and performed the duties as authorized and directed aforesaid, not only during the mother's lifetime until May 30, 1945, but thereafter until May 7, 1946, when plaintiff, the administrator, was appointed. The amount on deposit in joint and survivorship bank accounts on May 30, 1945, was concededly $1,647.88, and on May 7, 1946, the balance remaining therein, consolidated into one such account, was concededly $1,060.21, which, before this action was filed, was reduced to $1,035.21 by defendant's payment of $25, a balance due for lettering the mother's monument. In the balance thus remaining, concededly $110.65 was defendant's own money erroneously deposited, and without dispute $413.28 belonged to Mrs. Margaret Lewis, one of the heirs. There were then no other assets of any kind in defendant's possession.

In the meantime, the mother's household goods were by agreement divided among the heirs, or sold. It affirmatively appears that defendant, in good faith, collected therefor, together with rents and other items due and owing the estate, and deposited all of them, except a small amount otherwise accounted for, in the joint and survivorship account, out of which defendant paid the funeral expenses, attorney's fees, taxes, and other just debts of the estate, or proportionately distributed same to the heirs, of which Stena Feine was paid $118.08, and thus, without benefit to herself, in good faith, without dispute accounted in full for the expenditure of all assets coming into her possession before appointment of the administrator. None came into her possession thereafter.

In such a situation, defendant was in law simply acting in the capacity of an executor de son tort, and only liable as such. This court, in a similar action, has approved the rule that the true representative is bound by those acts of an executor de son tort which are lawful and such as the true representative would be bound to perform in the due course of administration, and, although an executor de son tort cannot by his own wrongful act acquire any benefit, yet he is protected in all acts, not for his own benefit, which a rightful executor might do. See Lenderink v. Sawyer, 92 Neb. 587, 138 N. W. 744, L. R. A. 1915D 948, Ann. Cas. 1914A 261, and notes.

In the light of the foregoing rule, it was said in that opinion: "Since the district court has acquired jurisdiction of the parties, and the whole subject matter is presented for adjudication, nothing can be gained by rendering a judgment against the defendant and compelling him to file his claim against the estate, thus unnecessarily increasing the litigation and costs. We think that the district court should dispose of the whole case before it."

Likewise, in Dame, Probate and Administration (3d ed.), § 274, p. 292, in discussing an executor de son tort, it is said, citing cases in support thereof: "He is liable to the lawful representative, or a creditor, either in an action at law for conversion, or in equity for an accounting, for all the assets of the estate he received, except such as were used in payment of funeral expenses, of such demands as he affirmatively shows were just claims against the estate, and such payments for the use and benefit of distributees as would have been made in due course of administration."

The defendant comes squarely within the foregoing rules, and having thus without dispute accounted for all assets in her hands other than the bank account, was exonerated of any liability to the administrator unless imposed by the funds remaining in the joint and surviv-

orship account. There was competent evidence in the record that such money was, prior to May 30, 1945, knowingly and authoritatively changed from deposits in the name of "Margaret Meyer or Stena Feine" to the name of "Margaret Meyer or Minnie Kahler" by the joint and several direction, authority, and agreement of Stena Feine, Margaret Meyer, and defendant.

Section 8-167, R. S. 1943, provides: "When a deposit in any bank in this state is made in the name of two or more persons, deliverable or payable to either or to their survivor or survivors, such deposit, or any part thereof, or increase thereof, may be delivered or paid to either of said persons or to the survivor or survivors in due course of business."

That section, this court has held, was not only intended to be for protection of banks, but also fixes the property rights of the payees named in the deposit, and upon the death of one payee, the survivor takes the whole legal title unless a contrary intent affirmatively appears from the terms of the deposit. Concededly, no such contrary intent so appears from the deposits involved herein. We have also held that the statute is not limited in its application to payees of certain relationships and leaves to the depositor the determination of who shall receive the benefits of the act. See, McConnell v. McCook Nat. Bank, 142 Neb. 451, 6 N. W. 2d 599; Tobas v. Mutual Building & Loan Association, 147 Neb. 676, 24 N. W. 2d 870.

In the light of the foregoing authorities and evidence, we conclude that defendant, having the whole legal title to the bank deposit involved herein, must prevail over the alleged rights of plaintiff as administrator. Whether or not defendant holds the balance of the account as trustee or otherwise for the benefit of the heirs cannot be determined in this action. In re Estate of Johnson, 116 Neb. 686, 218 N. W. 739.

Other matters were argued in the brief, but we deem it

unnecessary to discuss them, and for the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.