HENRY B. McPHERSON ET AL., APPELLANTS, V. FLORENCE F. MINIER ET AL., APPELLEES.

137 N. W. 2d 719

Filed October 29, 1965. No. 35965.

Lyle B. Gill, for appellants.

Richards, Yost & Schafersman, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an action to recover $25,000 which represents the proceeds from United States government bonds which were jointly owned by the plaintiffs and Ralph V. McPherson in his lifetime. The plaintiffs allege that the defendants, by fraud and undue influence, caused Ralph V. McPherson, who was then incompetent, to redeem the bonds and deliver the proceeds to the defendants who converted the proceeds to their own use. The defendants' general demurrer to the second amended petition was sustained and the action dismissed. The

plaintiffs appeal from the order dismissing the action.

The second amended petition alleged that the plaintiffs, with one exception, were relatives of Ralph V. McPherson, now deceased, by blood or marriage; that the defendant Florence F. Minier was the housekeeper for the deceased; that the defendant Clara Marie Minier is the daughter of Florence F. Minier and lived with her at the home of the deceased; that the bonds were redeemed on January 23, 1963, and the proceeds deposited in a bank account of the deceased on March 2, 1963; that on March 3, 1963, the deceased executed a check in the amount of $25,000 to Clara Marie Minier; that on March 7, 1963, Florence F. Minier signed a signature card at the bank giving her "rights of survivorship" to the account of the deceased; that the account was closed on July 30, 1963; that the deceased died on October 29, 1963, at the age of 90 years; that a petition for the administration of his estate was dismissed on July 2, 1964, on the ground that he did not own sufficient property at the time of his death to require that his estate be administered; that the deceased was incompetent on January 23, 1963, when he redeemed the bonds and on March 3, 1963, when he executed the check for $25,000 to Clara Marie Minier; and that the signing of the bonds on January 23, 1963, and the drawing of the check on March 3, 1963, were the result of undue influence exerted by the defendants who conspired to strip an old man of his property. There are other allegations in the petition but the foregoing summary is sufficient for the purpose of this appeal.

The trial court found that the demurrer should be sustained and the action dismissed because the action was, in effect, a collateral attack upon the order of the county court dismissing the administration proceedings; that the plaintiffs had no legal interest in the proceeds of the bonds on or after March 3, 1963, which was the time when the alleged wrong was completed; and that any interests of the plaintiffs are several and not joint.

The defendants contend that the trial court was correct in sustaining the demurrer because the bonds were cashed by Ralph V. McPherson during his lifetime, the proceeds received by him, and then received by the defendants from him; that the joint ownership of the bonds was destroyed during the lifetime of Ralph V. McPherson; that the proceeds from the bonds, if not disposed of during his life, became a part of his estate upon his death; and that any action should be brought by the personal representative of the deceased.

The defendants' theory of the case assumes that Ralph V. McPherson was able to destroy the joint ownership of the bonds even though it is alleged that he was incompetent at the time and that his act was the result of fraud and undue influence exerted upon him by the defendants. This theory of the case ignores the effect of his alleged incompetency and the alleged conspiracy of the defendants to strip an old man of his property by fraud and undue influence.

The plaintiffs' theory of the case is that Ralph V. McPherson at a time when he was incompetent and under the control of the defendants made a gift to the defendants of property that was jointly owned by Ralph V. McPherson and the plaintiffs. It is essential to the validity of a gift that the donor shall have sufficient mental capacity to make the gift. Parkening v. Haffke, 153 Neb. 678, 46 N. W. 2d 117. If Ralph V. McPherson was incompetent on the dates alleged and the transaction in question was the result of the alleged fraud and undue influence exerted by the defendants, the transaction in question was invalid as between the parties to this action. See, Wager v. Wagoner, 53 Neb. 511, 73 N. W. 937; Rose v. Kahler, 151 Neb. 532, 38 N. W. 2d 391.

The plaintiffs are the real parties in interest because they would have succeeded to the ownership of the bonds upon the death of Ralph V. McPherson. The bonds were jointly owned and would not have become a part of the assets of the estate of Ralph V. McPherson, deceased.

His personal representative would have no interest in their proceeds.

It is unnecessary to consider any question of joinder because it has not been raised by the parties. See, § 25-806, R. R. S. 1943; Reynolds v. Warner, 128 Neb. 304, 258 N. W. 462, 97 A. L. R. 1128.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.