ARNOLD R. EGGERS AND RUTH M. EGGERS, APPELLANTS, V. THE TILDEN BANK, A NEBRASKA BANKING CORPORATION, APPELLEE.
474 N.W.2d 472

Filed September 20, 1991.   No. 89-707.

Vince Kirby for appellants.

Thomas E. Brogan, of Brogan & Stafford, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

In this action, the plaintiffs, Arnold R. and Ruth M. Eggers, husband and wife, sought to recover the proceeds of three certificates of deposit from the defendant, The Tilden Bank

(Bank). After a bench trial, the district court dismissed the amended petition, finding that the plaintiffs had directed the Bank to apply the proceeds of the certificates of deposit to their son and daughter-in-law's indebtedness and that plaintiffs had received full value, as to both principal and interest, for the three certificates. The plaintiffs timely appealed, contending, in summary, that the district court erred (1) in admitting parol evidence to alter or modify the terms of an unambiguous written agreement; (2) in allowing evidence offered to establish a modification of a written agreement of the parties when modification was not pleaded; and (3) in finding that Arnold Eggers directed the Bank to apply the proceeds of the certificates of deposit to the indebtedness of Duane T. and Barbara K. Eggers.

The record shows that the plaintiffs, as joint tenants with right of survivorship, owned three certificates of deposit issued by the Bank:

| CD No. | Date Issued | Date Paid | Face Amount | Value at Maturity |
|--------|--------|---------|--------|----------|
| 988 | 7-09-81 | 7-11-83 | $10,000 | $12,677.12 |
| 803 | 1-19-81 | 7-21-83 | $10,000 | $13,634.67 |
| 1136 | 1-19-82 | 7-21-83 | $20,000 | $23,654.00 |

Each certificate provided that it was "[p]ayable to the depositor upon presentation and surrender of this certificate properly endorsed, on a maturity date." Arnold Eggers endorsed certificate No. 988 on July 11, 1983, and endorsed certificates Nos. 803 and 1136 on July 21, 1983.

The plaintiffs' son, Duane Eggers, and Duane's wife, Barbara Eggers, were farmers, were indebted to the Bank, and were having financial problems. The plaintiffs had provided financial assistance to Duane and Barbara prior to the transactions at issue in this case, lending them approximately $42,800 between March 21, 1980, and May 26, 1983.

The plaintiffs kept the certificates of deposit in two safe deposit boxes at the Bank. On July 11, 1983, Arnold Eggers removed certificate No. 988 from a safe deposit box, endorsed it, and the proceeds were applied to the indebtedness of Duane and Barbara. The Bank contends that Arnold Eggers orally

authorized this transaction. Bank records showed that $48.72 was applied to principal and $12,628.40 to interest on Duane and Barbara Eggers' debt on July 11, 1983. The Bank's comment sheet for this particular loan and date states: "Arnold cashed in CD# 98 [sic] $12,677.12 including accrued interest. Arnold has $20,000.00 CD maturiting [sic] 7/20/83."

Similarly, on July 21, 1983, Arnold Eggers removed certificates Nos. 803 and 1136 from a safe deposit box, endorsed the certificates, delivered them to the Bank's agricultural loan officer, Brad Wagner, and told Wagner to apply $30,000 of the proceeds ($37,228.67) to Duane Eggers' indebtedness. The Bank's records show that $30,000 was applied to Duane and Barbara's loan and the remaining $7,228.67 was deposited to the plaintiffs' checking account. This transaction is reflected on the Bank's comment sheet as follows: "Paid $82.30 Prin. & $29,917.70 Interest. Arnold cashed in CD& #803 & 1136 total amount $37,228.67 & applied $30,000.00 towards delinquent payments . . . . (Total amount paid by Arnold & Ruth thus far is $55,482.87)."

The plaintiffs continued to do business at the Bank. Approximately 4 years after Arnold Eggers endorsed the certificates, the plaintiffs demanded the return of the three certificates, or the total sum of $49,965.79. The plaintiffs testified at trial that they had not instructed the Bank to apply the proceeds of the three certificates of deposit to their son and daughter-in-law's loan.

On August 15, 1991, the Bank filed a suggestion of death, informing this court that Arnold Eggers died on July 7, 1990, while this appeal was pending. As a preliminary matter, therefore, we must determine whether Arnold Eggers' death affects the status of this appeal.

The causes of action alleged in this case did not abate upon Eggers' death. See Neb. Rev. Stat. §§ 25-1401 et seq. (Reissue 1989). The certificates of deposit at issue all designated the depositors as "Arnold Eggers or Ruth Eggers" and provided that "[i]f more than one depositor is named above, and unless specifically indicated therein to the contrary, this certificate and the deposit evidenced hereby, shall belong to said depositors as joint tenants with right of survivorship (and not as tenants in

common) . . . ." Neb. Rev. Stat. § 30-2704(a) (Reissue 1989) provides that sums remaining on deposit at the death of a party to a joint account belong to the surviving party as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created. See, also, *McPherson v. Minier*, 179 Neb. 212, 137 N.W.2d 719 (1965).

When property owned in joint tenancy passes to a survivor, the property does not become part of the decedent's estate. If the joint tenants are named plaintiffs in a pending lawsuit involving the property owned in joint tenancy, the death of one joint tenant does not cause that person's cause of action to abate. Instead, the decedent's cause of action is merged with that of the surviving plaintiffs.

This point is illustrated in *Ferk v. County of Lake*, 205 Cal. App. 3d 268, 252 Cal. Rptr. 196 (1988). In that case, LeRoy and Polly Ferk filed a complaint on June 3, 1982, for injunctive relief and for damages to real property owned by the Ferks in joint tenancy. LeRoy Ferk died on May 7, 1987. The complaint was dismissed on August 11, 1987, for failure to prosecute within 5 years of filing, as required by Cal. Code of Civ. Proc. §§ 583.310 et seq. On appeal, Polly Ferk argued, in part, that the death of her husband suspended the court's jurisdiction and tolled the 5-year dismissal statute until a personal representative was appointed. The California Court of Appeal rejected this argument:

> [W]e are convinced that the trial court in this case did not lose jurisdiction . . . upon the death of LeRoy Ferk. The real property was held in joint tenancy. Upon the death of LeRoy Ferk, the property passed through right of survivorship to Polly Ferk as the surviving joint tenant. The property was never a part of LeRoy Ferk's estate. So, too, we believe the cause of action against defendants for injunctive relief and damages to that real property was a joint tenancy asset and upon the death of LeRoy, it passed to Polly. . . .
>
> . . . .
>
> Upon the death of LeRoy his entire interest in the lawsuit passed to Polly. It did not become part of his

estate. Consequently, appointment of a personal representative to carry on the suit would have been inappropriate as the estate had no interest to pursue. Polly has always been a party to the suit and jurisdiction of the court was never suspended.

205 Cal. App. 3d at 275-76, 252 Cal. Rptr. at 199-200.

Applying *Ferk v. County of Lake, supra*, and the other authorities to the present case, we determine that this action need not be revived. Upon the death of Arnold Eggers, the certificates of deposit passed through right of survivorship to Ruth Eggers as the surviving joint tenant. The causes of action based on the certificates also passed to Ruth Eggers, and Arnold Eggers' estate does not have any interest in this litigation. Arnold Eggers' causes of action were not abated or extinguished upon his death, but merged with the separate claims of his wife, Ruth Eggers. Accordingly, this appeal is dismissed as to Arnold Eggers. See *Ferk v. County of Lake, supra*.

In her first and second assignments of error, the plaintiff contends that the certificates of deposit constituted unambiguous written agreements between the Bank and its customers and that the trial court wrongfully modified the terms of the agreements by receiving parol evidence of Arnold Eggers' oral instructions to apply the proceeds of the certificates to his son and daughter-in-law's loan. This argument is without merit. While the certificates of deposit did constitute unambiguous agreements between the Bank and the plaintiffs, the agreements contained in the certificates did not preclude Arnold or Ruth Eggers from orally instructing the Bank as to the disposition of the proceeds after "presentation and surrender of [each] certificate, properly endorsed, on a maturity date."

The only issue remaining is a fact question, that is, whether Arnold Eggers directed the Bank to apply the proceeds of the certificates of deposit to his son and daughter-in-law's debt. In an action at law, the factual findings of the trial court have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. In a bench trial, the judge sitting as the trier of fact is the sole judge of the credibility of the witnesses

and the weight to be given their testimony. *Brown v. Clayton Brokerage Co.*, 238 Neb. 646, 472 N.W.2d 381 (1991). On appeal, the Supreme Court does not reweigh the evidence but, instead, considers the judgment in the light most favorable to the successful party. That party is entitled to the benefit of every inference which can reasonably be deduced from the evidence. *Id.* The evidence presented by the Bank, if believed, is sufficient to support the judgment.

The judgment of the district court is affirmed as to appellant Ruth Eggers. The appeal of Arnold Eggers is dismissed.

AFFIRMED IN PART, AND IN
PART APPEAL DISMISSED.